## Ben Harned, etc. v. Belle Wise, etc.

## Elisha Harned, etc. v. Belle Wise, etc.

## Belle Wise v. Elisha Harned, etc.

(Decided May 16, 1919.)

### Appeals from Nelson Circuit Court.

1. Wills—Execution.—Under Kentucky Statutes, section 4828, a will may be signed by the testator or by someone else in his presence and by his direction.

2. Wills—Contest—Execution—Question for Court.—Where the draftsman of a will and the attesting witnesses testify that the testator requested the draftsman to sign the will for him, and the witnesses were not contradicted or impeached, the court did not err in assuming that the will was duly executed by the testator.

3. Wills—Contest—Mental Incapacity—Undue Influence—Questions for Jury.—Where in a will contest the evidence of mental incapacity and undue influence was conflicting, the questions were for the jury and not for the court.

4. Wills—Construction.—Testator made the following will: "I wish to appoint Mrs. Belle Wise, my half sister, as my executrix with-

out bond. I wish to leave her the entire control and division of my estate. I direct her to make the following bequests: To the children of Mrs. Ruth English (deceased), each ($1,000) one thousand dollars. To William Geohegan ($500) five hundred dollars." Held, that the testator's half sister took the fee to all of his property except that specifically bequeathed to the children of Mrs. Ruth English and to William Geohegan, and that the bequests to the latter took effect and were payable immediately upon the testator's death.

NAT W. HALSTEAD, OSSO W. STANLEY and FRANK E. DAUGHERTY for Ben Harned, etc., and Elisha Harned, etc.

C. T. ATKINSON, JOHN A. FULTON and KELLEY & KELLEY for Belle Wise, etc.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming on the appeals of Ben Harned, etc v. Belle Wise, etc., and Elisha Harned, etc. v. Belle Wise, etc., and reversing on the appeal of Belle Wise v. Elisha Harned, etc.

These three appeals involve the validity and construction of the will of Hundley Troutman, deceased, and will be considered in one opinion.

The will in question is as follows:

"Jewish Hospital,

"Louisville, Ky., Feb. 23, 1917.

"I wish to appoint Mrs. Belle Wise, my half-sister, as my executrix without bond.

"I wish to leave her the entire control and division of my estate. I direct her to make the following bequests: To the children of Mrs. Ruth English (deceased) each ($1,000) one thousand dollars. To William Geohegan ($500) five hundred dollars.

"HUNDLEY TROUTMAN,
"By G. P. GRIGSBY.

"Witnesses:
"EMMA E. BERLINSKY, R. N.
"DR. H. S. HARNED."

The will was sustained by the jury and we shall first discuss the rulings of that trial.

The point is made that the court erred in assuming in its instruction that the will was duly executed, and in telling the jury to find for the will unless they be-

lieved from the evidence that at the time of its execution the testator was not of sound mind, or that the execution of the paper was procured by undue influence.

Under our statute the will may be signed by the testator or by some one else in his presence and by his direction. Sec. 4828, Ky. Statutes. Here the physician who signed the testator's name, as well as the attesting witnesses, all say that the testator requested the physician to sign for him. These witnesses are not contradicted or impeached. Hence, the court did not err in assuming that the will was duly executed by the testator. Bramel v. Bramel, 101 Ky. 64, 39 S. W. 520; Woodford v. Buckner, 111 Ky. 241, 63 S. W. 616.

Another insistence is that the contestants were entitled to a peremptory instruction. We have carefully considered the evidence, and while there were certain circumstances tending to show mental incapacity and undue influence, there was direct and positive evidence to the contrary. In view of this conflict in the evidence, the questions were for the jury and not for the court, and the court did not err in so holding.

2. In construing the will, the chancellor upheld the bequests to the children of Mrs. Ruth English and to William Geohegan, but held that Mrs. Wise took nothing under the will. To sustain the construction so far as Mrs. Wise is concerned, it is argued that she was first appointed executrix. She was then given the entire control and division of the estate as executrix, and no words were employed that would indicate that any property of any kind was devised to her personally. If this construction be correct, then the sole purpose of the testator in making the will was to make the bequests to the English children and William Geohegan, and he died intestate as to the greater portion of his property. We are not prepared to take such a narrow view of the will. If the testator merely intended to make the specific bequests mentioned, it is not perceived why he should have employed the words, "I wish to leave to her the entire control and division of my estate." In our opinion the phrase, "entire control," when unqualified, implies complete dominion, and complete dominion carries with it the power of absolute disposition and therefore the fee. Welch v. Gist, 61 Atl. 665, 101 Md. 606. Here the only limitation on the "entire control" given to Mrs. Wise was the direction to pay certain bequests to certain

legatees.   With these exceptions she was given "the entire control and division of the estate" and not merely that portion of the estate specifically devised.  Thus she was given the right to dispose of the remainder of the estate as she saw fit, and this power being wholly discretionary was not annexed to the office of executrix, but was given to her individually.   Hill v. Fiske, et al., 125 N. Y. S. 1027.  We therefore conclude that Mrs. Wise took the fee in all the testator's property not specifically bequeathed to the children of Mrs. Ruth English and William Geohegan.   The judgment of the chancellor not being in accord with these views is therefore erroneous. However, the judgment is correct so far as the bequests to the children of Mrs. English and to William Geohegan are concerned.

Since the testator was disposing of his own estate it is clear, we think, that he did not intend merely to direct Mrs. Wise to bequeath the sums named to the English children and to William Geohegan, but used the word "make" in the sense of "pay" and that the clause should be construed as if it had read, "I direct her to pay the following bequests."   Hence, the bequests took effect and were payable immediately upon the testator's death.

In the cases of Ben Harned, etc. v. Belle Wise, etc., and Elisha Harned, etc. v. Belle Wise, etc., the judgments are affirmed.   On the appeal of Belle Wise v. Elisha Harned, etc., the judgment is reversed and cause remanded with directions to enter judgment in conformity with this opinion.