# McKnight et al. v. Fleming.

February 22, 1949.

H. V. Forsyth for appellants.

Davis & Vigor and John C. Vigor for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

In this action there is involved the right of a committee of an incompetent to sell her ward's real estate under subsection 8 of Section 489, Civil Code of Practice. The appeal is from a judgment approving the sale. The questions raised on the appeal are (1) was the incompetent, Annie H. Pollitt, devised a fee simple interest in the property, and (2) is the proposed sale for the best interest of the incompetent?

Annie H. Pollitt, nee Haney, received the property under the following provision of the will of Mrs. Neppie S. Williams:

"3rd. It is my will and desire that the Home place containing about twenty acres, now occupied by myself and husband, Mordecai Williams, together with all land that I may hold outside the home place and improvements therewith, be left to my husband Mordecai Williams, during his natural life with the privilege of selling or otherwise disposing of any part of it to meet his living expenses; at his death to go to his grand-daughter,

Annie W. Haney, to be absolutely under her control."
Mordecai Williams outlived his wife and did not dispose of the tract of land in question during his lifetime. However, he left a will under which he devised the bulk of his estate to his wife, Neppie S. Williams, for life, with remainder to his granddaughter, Annie W. Haney. We think Annie H. Pollitt took title to the property under the will of Neppie S. Williams, because Mordecaj Williams was given only a life interest in it, and at his death it was to go to her "to be absolutely under her control." The quoted words neither enlarged nor diminished the estate granted.

KRS 381.060(1) provides:

"(1) Unless a different purpose appears by express words or necessary inference, every estate in land created by deed or will, without words of inheritance, shall be deemed a fee simple or such other estate as the grantor or testator had power to dispose of." Neither by express words nor by necessary inference did Mrs. Neppie S. Williams indicate any purpose other than to give her granddaughter, Annie H. Pollitt, a fee simple interest in the property at the death of Moredcai Williams. In the case of Harned v. Wise, 185 Ky. 60, 214 S.W. 813, the Court had before it for interpretation a will which contained the provision:

"I wish to leave her the entire control and division of my estate."

In holding that will vested a fee simple title, it was said:

"In our opinion the phrase, 'entire control,' when unqualified, implies complete dominion, and 'complete dominion' carries with it the power of absolute disposition, and therefore the fee."

We think the chancellor properly found that the sale was for the best interests of the incompetent. The property, consisting of a large brick dwelling, located in a section of Ashland now becoming industrialized, is in a good state of repair. However, because of its unsuitability for division into small apartments and its lack of modern conveniences, its upkeep would about offset its income. The testimony showed that the sale price of $17,500 was a very satisfactory one. The chancellor was warranted in approving a down payment of

$4000.00, with the remainder to be paid in monthly installments of $100.00 with interest at $4\frac{1}{2}$ per cent, and to be secured by a lien on the property. The guardian ad litem, Gillard B. Johnson, Jr., made a very careful study of the whole case and recommended that the sale be approved. He also joined in the brief filed for and on behalf of the incompetent, Annie H. Pollitt.

For the reasons given we think the judgment should be and it is affirmed.