W. G. ALLEN v. RACHEL S. SMITH et al.

(Filed 22 March, 1922.)

**1. Wills — Devise— Estates—Lapsed Devises—Contingent Remainders— Deeds and Conveyances—Title.**

Upon a devise of a life estate to the testator's son, after a devise of a life estate to his mother, with further limitation over to the testator's children, and the heirs of such as are dead, the devise to the son lapses upon his death before that of the testator, and the mother being yet alive the contingency upon which he may take the second life estate can never happen; and the title to the estate vests in the testator's children who were alive at the time of his death, either by descent or by inheritance, subject to the life estate of the mother, and a deed in proper form executed by her and by them, being the tenant for life and the remainder-men, will convey the fee-simple title absolute, upon the facts stated in the case.

**2. Wills—Devise—Estates—Life Estates—Power of Disposition.**

A devise to the wife of all of testator's estate, "for and during her natural life to do with as she pleases and have the income therefrom," restricts her right to convey or dispose of any part of the estate, to that which she takes under the will, an estate for life.

APPEAL by plaintiff from *Devin, J.,* at the March Term, 1922, of WAKE.

This is a controversy as to the ownership of and title to the tract of land containing 242.5 acres in Swift Creek Township, Wake County, which is particularly described in the record. The ability of the defendants to convey a good and perfect title to the plaintiff in compliance with their contract depends upon the true construction of Bryant Smith's will, hereinafter set forth, Arthur E. Smith, the son of Bryant Smith,

named therein, being dead and the widow of said Bryant Smith being still alive. The defendants are the children of the testator and their husbands or wives, as the case may be.

By agreement of the parties, the case was submitted to the court (Judge Devin presiding) to find the facts and declare the law thereon, and enter judgment accordingly. The facts were found by the court, and the following judgment entered, which contains a recital of the facts thus found:

The above entitled action duly and regularly coming on to be heard, and being heard, and it appearing to the court that all the defendants above mentioned have been either served with summons or have accepted service of summons, and have all been duly and properly made parties to this action and are in court, and that all of the parties, plaintiff and defendants, have waived a trial by jury and consented that the court shall find the facts and determine the law concerning the matters in controversy, and that the same may be done by the undersigned judge, either in term or out of term, and either within or out of Wake County, and the court having heard the evidence offered by the parties, hereupon the court doth find and adjudge as follows, to wit:

1. That the defendants executed the option to the plaintiff, dated 6 December, 1921, copy of which is attached to the answer.

2. That Rachel S. Smith is the widow of Bryant Smith, deceased, and D. C. Smith, C. E. Smith, Evie Morgan, Bessie Jordan, and Mollie F. Morris are the children of said Bryant Smith, deceased, and that the said Bryant Smith left a last will and testament in the words and form set forth in paragraph 4 of the complaint, as follows:

RALEIGH, N. C., 23 April, 1907.

This is my last will and testament:

I give all my estate, both and real, and wherever situated, to my wife for and during her natural life to [do] with as she pleases and have the income therefrom.

At the death of my wife, if my son Arthur E. Smith should survive his mother—I give all my estate both real and personal to him during his life, and at his death then to be equally divided among my children who then may be living—if any of my children should be dead, their heirs to inherit their share.

I want all my just debts paid and my body to have a decent burial.

I nominate and appoint my son, David C. Smith, and T. A. Smith executors hereto without bond.

His<br>BRYANT  X  SMITH.<br>Mark

3. That the said Bryant Smith died seized and possessed of the land described in paragraph 3 of the complaint, and being the land described in the said option hereinbefore referred to.

4. That the said Bryant Smith left him surviving his widow, the said Rachel Smith, and five children, to wit: D. C. Smith, C. E. Smith, Evie Morgan, Bessie Jordan, and Mollie F. Morris.

5. That Arthur E. Smith, the son of Bryant Smith, mentioned in the will of the said Bryant Smith, predeceased his said father.

6. That the defendants, D. C. Smith, C. E. Smith, Evie Morgan, Bessie Jordan, and Mollie F. Morris, are now seized of an indefeasible estate in fee simple in the said land, subject only to the life estate of their mother, the said Rachel S. Smith, therein.

7. That the defendants are able to convey to the plaintiff a good title to the said land, and have offered to the plaintiff a valid deed conveying to him a good, sure, and indefeasible title to the said land in fee simple.

8. That the plaintiff be and he is hereby required to accept said deed and pay to the defendants the purchase price of said land mentioned in said option, to wit: the sum of $6,300, with interest thereon.

9. That the defendants recover of the plaintiff and his surety, Daniel Allen, their costs in this action, to be taxed by the clerk of the court.

W. A. DEVIN, <em>Judge.</em>

To the foregoing judgment the plaintiff excepted, and appealed.

*Templeton & Templeton for plaintiff.*
*R. N. Simms for defendants.*

WALKER, J., after stating the facts as above: As Arthur E. Smith's life interest was contingent upon his surviving his mother, it never has, and never can, vest in him, as he failed to survive his mother. He also died before his father, and by reason of that fact the devise to him lapsed. This is conceded by the plaintiff. The contingency upon which the estate in the land was limited to the children can never happen, as it has become impossible by Arthur's death in the lifetime of his mother, and even of his father. Either one of two results must follow. The estate was thereby vested absolutely in the testator's children under the will, or they took it by inheritance from their father, and in either case they can convey a good title. The intermediate devise for life to Arthur, the son, having failed to take effect, either by lapse or by his death, in the lifetime of his mother, or before the happening of the contingency upon which it was limited, that is, his survival of his mother, it is the same as if it had never existed, and was no obstacle to the complete

vesting of the remainder in the children in fee. It matters not, as we have before said, how the remainder, after the death of the widow, Mrs. Rachel Smith, vests in them, whether under the will of their father or by inheritance from him, for in either view they have the vested estate, subject only to their mother's life interest. We cannot adopt the plaintiff's contention that the contingency which would have affected the children's interest if Arthur had lived, and survived his mother, should be transferred by construction of the terms of the devises to her life estate so that only those children who outlive her will take, as they only could take had Arthur continued to live, and survived his mother. At the time of Arthur's death all the children were living, and are still living. Arthur's estate never took effect, as he did not survive his mother, and because of this contingency annexed to it, namely, that he should survive her in order for the life estate to vest in him, it never can take effect or vest in him.

This view has the advantage of executing the intention of the testator as manifestly declared in his will. His object being that his wife should have the first life estate, and if Arthur survived her, he was to have the second life estate, with remainder at his death to the testator's children who then may be living. A limitation somewhat similar to the one contained in this will will be found in 2 Underhill on Wills (Ed. of 1900), p. 731, sec. 557, and note 2. The testator evidently intended to provide for a life estate in the land to Arthur, if he outlived his mother, and if he did not, that his children should then have the remainder in fee at the death of their mother, which would be a vested one. There is nothing in the contention that by the terms of the will, and especially by the expression, "I give all my estate both (personal) and real, and wherever situated, to my wife for and during her natural life to (do) with as she pleases and have the income therefrom," the widow has the right to convey or dispose of any part of the estate, her interest being restricted to an estate during her life. *Herring v. Williams,* 158 N. C., 1. In the passage quoted above, the testator referred to her life estate and to no greater interest, as being in her, or intended to be vested in her, nor to her right to dispose of any such interest in the land.

As to the interest originally acquired by Arthur E. Smith being contingent in its nature, see *Starnes v. Hill,* 112 N. C., 1, and *Richardson v. Richardson,* 152 N. C., 705.

We agree with the court below that a deed properly executed by the defendants, and sufficient, in form and legal effect, to convey the interests of the parties to it will, when properly proved and registered, pass to the plaintiff a good and indefeasible title to the land in question.

There was no error in the judgment upon the findings of fact.

Affirmed.