JOSEPHINE ASKEY, APPELLEE, V. MANDERSON ASKEY ET AL., APPELLEES: WILMA MAY ASKEY ET AL., APPELLANTS.

FILED DECEMBER 31, 1923.    No. 22595.

1.  Wills: REMAINDERS: TIME OF VESTING. It is the general rule that, in the absence of controlling equity, or of an express or

implied provision in a will to the contrary, where an estate is given to a person for life with a vested remainder in another, the remainder takes effect in possession whenever the prior gift ceases or fails in whatever manner. This doctrine rests upon the presumed intention of the testator, and will be applied only when promotive of his intention.

2. ———: ———: ———. Will examined, and *held* that it was the intention of the testator that the remaindermen should not take the estate until after the death of the life tenant.

APPEAL from the district court for Furnas county: CHARLES E. ELDRED, JUDGE. *Affirmed.*

*John F. Fults,* for appellants.

*Edward J. Lambe, Walter D. James, J. G. Thompson* and *J. H. Sherwood, contra.*

Heard before MORRISSEY, C. J., LETTON and DAY, JJ., SHEPHERD, District Judge.

DAY, J.

This is an action in partition, commenced by Josephine Askey, the widow of William Askey, Sr., in which the children and grandchildren of William Askey, Sr., deceased, and the tenant in possession of the land were made parties defendant. There is no controversy as to the rights of the plaintiff to maintain partition and no objection to the decree in so far as it relates to the plaintiff. The real controversy is between Arden D. Askey and Fern I. Askey, minors, grandchildren of William Askey, Sr., deceased, acting through their guardian, and Wilma May Askey and 17 other minors, grandchildren of the deceased, acting through their guardian. Arden D. and Fern I. Askey were born after the widow elected to take under the law of descent and distribution, rather than under the will of her deceased husband. The other grandchildren in the class with Wilma May Askey were born prior to the date of the election by the widow. The trial court found that the plaintiff was the owner of an undivided one-fourth interest in the quarter section of land which was the subject of partition,

and ordered that partition be made as.to her interest. The court also found that the remaining undivided three-fourths interest in the land vested in the grandchildren of William Askey, Sr., deceased, including Arden D. and Fern I. Askey, subject to be opened up and to let in after-born grandchildren of William Askey, Sr., deceased, who may be born prior to the death of Josephine Askey, the plaintiff. The court also found that the grandchildren defendants were not entitled to partition at this time; that a sale of the minors' interest in the land at this time would not be to the interest of the minors; and the referee was directed not to sell or partition the land among the several grandchildren defendants. From this judgment the grandchildren in the class represented by Wilma May Askey, through their guardian, have appealed.

The principal objection of the appellants is to that part of the decree permitting Arden D. and Fern I. Askey to share in the distribution of the land. The question presented turns upon the construction to be given to the last will and testament of William Askey, Sr., deceased, which has been duly admitted to probate.

The record shows that William Askey, Sr., died testate on October 29, 1918, being at the time the owner of the land which is now the subject of partition, and other property. He left surviving him his widow, Josephine Askey, his second wife. There was no issue of this marriage. He also left surviving him 6 children and 18 grandchildren. After the probate of the will the widow, plaintiff, elected to take under the law of distribution and descent, rather than under the will, and shortly thereafter commenced this action.

It is the claim of the appellants that by the terms of the will Arden D. and Fern I. Askey are not entitled to share in the real estate in question. The clause in the will which forms the basis for the present controversy is as follows: "Second. I give and bequeath to my beloved wife, Josephine Askey, enough of the proceeds of my property for her living and support during her natural life, and to occupy the house

and building for her own use and benefit while she shall remain my widow, but if she again marry after my death then this amount shall stop, together with all rights and privileges mentioned in this will, and at the death of my wife I want the property sold and divided among my grandchildren share and share alike." The will then named his children, to each of whom he gave $5 out of his personal property.

It is the contention of the appellants that, when the widow elected to take under the law rather than under the will, that act was equivalent to her death as respects the distribution of the estate under the will, upon the happening of that event, and that, therefore, the grandchildren of the testator living at the time of the election by the widow are the only ones entitled to participate in the distribution of the land in question. It is the general rule that in the absence of a controlling equity, or of an express or implied provision in the will to the contrary, where an estate is given to a person for life with a vested remainder in another, the remainder takes effect in posesssion whenever the prior gift ceases or fails in whatever manner. *Holdren v. Holdren,* 78 Ohio St. 276, 18 L. R. A. n. s. 272, note; 23 R. C. L. 555, sec. 102, and cases cited. This rule of acceleration is founded upon the presumed intention of the testator that the remainderman should take on the termination of the previous estate, notwithstanding the prior donee may be still alive. It is applied only in promotion of the intention of the testator, and never to defeat it. 23 R. C. L., 556, sec. 103, p. 557, sec. 104.

In *McCollum v. McCollum,* 108 Neb. 82, it was held that the renunciation of the will by the widow will not be allowed to break the testamentary plan further than is absolutely necessary. The same principle is announced in *In re Estate of Grobe,* 101 Neb. 786. What, then, was the intention of the testator as appears from the will? Did he intend that the estate should be distributed among his grandchildren upon the happening of any event which might terminate the life estate of his wife before her death? We

think not. It will be noted that the will mentions a contingency upon the happening of which the life estate of the wife was to cease. In express terms the will provides that, if the wife should remarry after the death of the testator, all her rights and privileges under the will should stop. Notwithstanding that it was in the mind of the testator that her rights might be ended before her death, he provided in the will that upon her death the property should be sold and the proceeds divided among his grandchildren share and share alike. It would seem, therefore, that in fixing the event upon the happening of which he desired a distribution of the estate, he did it advisedly, and that it was not his intention that the time of distribution should be accelerated by the happening of some event other than her death, which might terminate her life estate.

Besides this, the remainder was to go to a class, and it might well have been in the mind of the testator that other grandchildren might be born, whom he desired to also be recipients of his bounty, and he fixed the date of the death of his wife as a time for distribution. We think the construction given by the trial court to the will was right, and the judgment is, therefore,

AFFIRMED.