FLORENCE GOODSON ET AL. v. MRS. CORA LEE GOLDSMITH ET AL.

No. 7175.   Decided May 4, 1938.
(115 S. W., 2d Series, 1100.)

*Alex F. Cox,* of Beeville, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that the clause in testator's will to the effect that at the date of the death of testator's daughter, Ina, all of the remainder of the property acquired by her under the will should go to her children, if any, and if she had no children it should pass in fee simple to testator's nephew, passed the property to Russell Goldsmith, and not to the heirs of Virginia C. Goodson. Lenz v. Sens, 66 S. W. 110; Hagood v. Hagood, 187 S. W. 228; Schouler on Wills, Sec. 567.

*James McCollum Burnett* and *McCollum Burnett,* both of San Antonio, for defendants in error.

The Court of Civil Appeals correctly held that under the will of Virginia C. Goodson the property devised to Ina Goodson passed to Mrs. Russell Goldsmith and her children, as the heirs of Russell Goldsmith rather than to the heirs of Virginia C. Goodson under the laws of descent and distribution. Bittner v. Bittner, 45 S. W. (2d) 148; Lockett v. Wood, 84 S. W. (2d) 798; Laval v. Staffel, 64 Texas 370.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This suit in this Court involves the construction of the will of Mrs. Virginia C. Goodson, deceased. The will was executed in 1916, and Mrs. Goodson died in 1919. The will has been duly probated.

It appears from the record before us that Mrs. Goodson, the testatrix, had two daughters, Ina and Florence. The daughter Florence is still living, and this opinion has no concern with the estate bequeathed to her for life.

The other daughter, Ina, disappeared from her home at Bee-

ville, Texas, during the year 1904, and has not been seen or heard from since. In regard to this daughter we quote the following from Judge SMITH's opinion in the first appeal of this case, as reported in 57 S. W. (2d) 188:

"The other devisee, Ina Goodson, disappeared from her home, at Beeville, about the year 1904, at the age of eighteen, and has never returned. Her whereabouts remained a mystery through all the years, although, besides all efforts, of her family to locate her, Mr. Mitchell, the executor advertised extensively for her in Beeville, St. Louis, Los Angeles, and perhaps other newspapers, and through radio broadcasts. She has never been heard of except through apparently vague rumors, futile gossip, and vain speculation, in which her disappearance was sought to be coupled with the simultaneous disappearance of a young man of the community. But to all intents and purposes she has been dead for twenty-nine years to the small world of her family and the environment and friends and acquaintances of her known life."

Before proceeding further, we deem it proper to here reproduce the will under construction. Omitting formal parts, it reads as follows:

"I, Virginia C. Goodson, of the county of Bee and State of Texas, being in good health and of sound and disposing mind and memory, and being desirous to settle my worldly affairs while I have strength to do so, do make this, my LAST WILL and TESTAMENT, hereby revoking all others heretofore made.

"FIRST: I desire and direct that my body be buried in a decent and Christianlike manner, suitable to my circumstances and condition in life.

"SECOND: I desire and direct that my just debts be paid out of my estate without delay by my executor to be hereinafter appointed.

"THIRD: It is my will and desire that all of the property, both real and personal, I may die seized and possessed of, after the payment of all my just debts, together with all the expenses incident to the probating of this will, shall pass to and vest in my daughters, Ina and Florence, to their sole and exclusive use and benefit as long as they may live, share and share alike; and, after the payment of all my just debts, I give, bequeath, and demise to my said daughters, Ina and Florence, the remainder of all the property I may now own or be interested in at the time of my death, to their sole and exclusive use and benefit as long as they may live, share and share alike.

"FOURTH: It is also my will that at the death of my daughter Ina that all of the remainder of the property acquired by her

under this will shall go to her children, if she have any living, and, in the event that she has no children, then it shall go to and vest in fee simple in my nephew, Russell Goldsmith.

"FIFTH: It is also my will that at the death of my daughter Florence that all of the remainder of the property acquired by her under this will shall go to and vest in fee simple in my nephew, Russell Goldsmith.

"SIXTH: I hereby constitute and appoint Sam C. Mitchell, of Beeville, Texas, executor of this my LAST WILL and TESTAMENT, and direct that no bond or security be required of him as executor.

"SEVENTH: The residence or whereabouts of my daughter Ina being at this time unknown to me, it is my express desire and will that my executor, Sam C. Mitchell, shall control and manage the property herein willed to her until such time as she if living, or, if not living, the person or persons entitled to said property under this will, shall demand that said property be delivered to her, him, or them.

"EIGHTH: It is also my express desire and will that my said executor, Sam C. Mitchell, shall control and manage the property herein willed to my daughter Florence, so long as she may live; and, as soon as practicable after my death, that she be placed in the Masonic Home for Widows and Orphans of Texas, using the income of the property herein willed to her to pay the charges for her care and maintenance in said Home, and, if said income be found insufficient for said purpose, then I hereby authorize and empower my said executor to sell and dispose of any of said property that he may think best, and in the manner that he may deem meet and proper, and provide means for her care and maintenance, and to execute, acknowledge, and deliver all proper writings, deeds of conveyance, and transfers therefor.

"NINTH: It is my will that no other action shall be had in the County Court in the administration of my estate than to prove and record this will and return an inventory and appraisement of my estate and list of claims.

"In testimony whereof I have hereto set my hand at Beeville, Texas, this the 30th day of August, A. D. 1916.

"VIRGINIA C. GOODSON."

The application for writ of error contains two assignments of error. They are as follows:

"1. The Court erred in holding that under the Fourth Clause of the Will of Virginia C. Goodson the property theretofore devised to Ina Goodson, passed to Russell Goldsmith.

"2. The Court erred in holding that the property which the will of Virginia C. Goodson tried to devise to her daughter, Ina

Goodson, did not pass under the laws of descent and distribution to the heirs of Virginia C. Goodson."

We are of the opinion that both of the above assignments should be overruled.

1 Under the statement we have made the daughter Ina was presumptively dead before this testatrix died. Article 5541, R. C. S. 1925; Sovereign Camp, W. O. W., v. Boden, 117 Texas 229, 1 S. W. (2d) 256, 61 A. L. R. 682; Yates v. Houston, 3 Texas 433; Lockhart v. White, 18 Texas 102. Also, under the facts of this record, we think it ought to be presumed that·this daughter died unmarried, and without issue. Nehring v. McMurrain, 94 Texas 45, 57 S. W. 943. The record contains absolutely no evidence of probative force that would in any degree rebut the above presumptions.

After indulging the above presumptions, we have before us a record which shows that Mrs. Goodson died in 1919 leaving a valid will which has been duly probated; that by the terms of such will she devised one-half of her estate to her daughter Ina for life, with the remainder to Ina's children, if she should have any living at the time of her death, and with remainder to Russell Goldsmith after Ina's death, in the event she should leave no children; that Ina died unmarried and without issue before the death of the testatrix; and that Russell Goldsmith survived the testatrix.

2 It is the rule that where a will gives a life estate, with remainder in fee, and the life tenant dies before the testator, such death affects only the interest of the life tenant and has the effect of accelerating the remainder. Stated in another way, it is the rule that in the absence of an express or implied provision in the will to the contrary where a will gives an estate to one person for life, with remainder to another, the remainder obtains or takes effect whenever the life estate ceases or fails in whatever manner. 69 C. J., p. 1054, Sec. 2260; 23 R. C. L., p. 556, Sec. 103; Lacey v. Floyd, 99 Texas 112, 117, 87 S. W. 665; Askey v. Askey, 111 Neb. 406, 196 N. W. 891; Lyford v. McFetridge, 228 Mass. 285, 117 N. E.·589; In re Fordham's Will, 235 N. Y. 384, 139 N. E. 548; Allen v. Smith, 183 N. C. 222, 111 S. E. 11. It follows from the above rule that the death of Ina, without issue, prior to the death of the testatrix accelerated the time when the devise to Russell Goldsmith should take effect and caused the property to pass to him in fee simple as soon as the testatrix died. In this connection, under the facts of this record, it might be argued that Ina Goodson was dead at the very time this will was executed. Be that as it may, we think the rule of law we have hereinabove announced would still govern this case.

3 There is another reason why we think Russell Goldsmith took the property bequeathed to Ina, for life, in fee simple at the testatrix's death. In this regard, we think that if paragraphs "Third," "Fourth," and "Seventh" are read together they demonstrate an intention on the part of the testatrix to give the property bequeathed to Ina, for life, to Russell Goldsmith in the event Ina should die without issue, or should be already dead, without issue, at the time of the death of the testatrix. The provisions of the "Seventh" paragraph demonstrate this intention beyond any doubt.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered May 4, 1938.