# CLARA B. WELSH *vs.* ELIZABETH A GIST ET AL., ADMINISTRATORS, ETC.

*Devise and Legacy—Presumption Against Intestacy—Power of Disposition Annexed to Estate Given—Residuary Devise of Property with Full Control.*

When a will purports to dispose of the residue of the testator's property the presumption is against intestacy as to any part of his estate.

When an estate is given to a person generally or indefinitely, with power of disposition, such gift carries the entire estate, and the devisee or legatee takes, not a simple power, but the property absolutely. But when property is given expressly for life and the power of disposition of the reversion is annexed, the rule is different and the first taker has but an estate for life with the superadded power.

By the second, third and fourth clauses of his will, a testator gave certain property to his wife. The fourth clause is: "All the rest of my estate I give her full control." The fifth clause appoints executors. *Held*, that the wife's estate in the residue is not for life merely, but absolute, since the unqualified phrase "full control" implies complete dominion and there can be no complete dominion when there is only a life estate.

Appeal from the Circuit Court of Baltimore City (HAR-LAN, C. J.)

The cause was argued before MCSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*William S. Bansemer* (with whom were *R. B. Tippett & Bro.* on the brief), for the appellant.

*William A. Maloy* (with whom was *William S. Bryan, Jr.*, on the brief), for the appellees.

MCSHERRY, C. J., delivered the opinion of the Court.

The ultimate question for decision in the pending case is this: What estate did William Gist, now deceased, give to his wife under the residuary clause of his will? Without stating the various allegations of the bill of complaint filed in the Circuit Court of Baltimore City by Clara B. Welsh against the administrators *cum testamento annexo* of her deceased father's estate, it is only necessary to say that the plaintiff, who is the

appellant in this Court, is the daughter and only child of the testator and of Mrs. Gist, one of the defendants; and that she insists that her mother is not entitled to anything more than a life estate in the residuum of the testator's property; and that, consequently, she, the daughter, who is not mentioned in the will, has a standing in a Court of equity to compel the administrators to account for that residuum, and that she further has such an interest therein as will warrant her in asking that Court to appoint a trustee to take possession and control of, and to invest, the funds constituting the residuum. Accompanying the bill, as an exhibit, is a duly certified copy of the will in question. The defendants demurred to the bill, the demurrer was sustained, the bill was dismissed; and, then, this appeal was entered. As the whole controversy relates to and concerns the testator's intention, and as that intention can only be discovered by perusing what he has written, and as what he has written must be read in the light of the revealed circumstances which surrounded him at the time he penned the words he saw fit to employ, it is apparent that the first step to be taken in solving the inquiry lying at the root of the case, is to read the will. The will contains five short clauses. The first directs the payment of debts and funeral expenses. The second gives the testator's dwelling-house to his wife, "she to dispose of same at her pleasure." The third gives to his wife "the moneys to arise or which may proceed from the collections or payment of whomsoever I may have receipts in my favor  *  *  *  she to dispose of same at her pleasure." The fourth, or residuary clause, is in these words: "All the rest of my estate I give her full control." The fifth clause appoints executors.

Now the contention in behalf of the appellant, the daughter of the testator, is, that by the natural, legal and fair construction of the fourth or residuary clause, the widow was given only a life estate in the property covered by that clause, whilst the testator allowed, *and intended to allow*, the remainder after the life estate had been carved out, to follow the devolution which the statute law prescribes in cases of intestacy. As the

daughter is the only heir-at-law and next of kin of the testator, it is claimed for her that by reason of this assumed intestacy she is the sole person entitled, upon the expiration of her mother's alleged life estate, to the entire property covered by the residuary clause.

It is obvious that the testator did not intend to die intestate as to any of his property. The mere fact of his having made a will furnishes, in itself, a strong presumption that he had no such intention. *Johnson* v. *Safe Deposit and Trust Co.*, 79 Md. 18. It is an established doctrine that when the residue is given, every presumption is to be made that no intestacy was designed. *Phillips* v. *Chamberlaine*, 4 Ves. Jr. 51. True, that presumption, does not *always* prevail. If no intestacy was intended and if there is no other will—as there is not—then, clearly, the testator meant to dispose of his whole and entire estate by the will now before us. His whole and entire estate included not only all the *property* he possessed, but all the *interest* he held in that property. The presumption against intestacy, when applicable, may be relied on to support a contention that a gift asserted to be only a gift for life is in reality absolute; especially·in instances where there is no limitation over; and where the alleged intestacy would occur in the residuary clause.

It is no less a well-settled doctrine of the law, sustained by all the authorities, that where an estate is given to a person generally or indefinitely, with power of disposition, such gift carries the entire estate; and the devisee or legatee takes, not a simple power, but the property absolutely. But where the property is given expressly for life and a power of disposition of the reversion is annexed, the rule is different, and the first taker has but an estate for life with the superadded power. *Benesch* v. *Clark and Bramble*, 49 Md. 497.

Now, we have in the will before us, a residuary clause covering by its terms the whole of the testator's estate not disposed of by antecedent provisions. He said: "*All* of the *rest* of my estate." If he did not design those terms to embrace his entire *interest in* everything else that he owned, he surely

would have said so.   If he intended that his wife was to en-
joy only a life estate in the residuum, it is no violent presump-
tion to assume that he would have so stated; and if he had
said so, it is equally probable that he would at the same time
have disposed of the reversion.   What did he mean by "*full
control?*"   "All the rest of my estate I give her *full control.*"
What is *full control?*   Is it merely control during her life?
That would not be *full* control—but control for a limited
period.   The phrase full control, when unqualified, of neces-
sity, implies complete dominion and there can be no *complete
dominion* where there is only a life estate.   It includes, in the
absence of any qualifications or restrictions, every incident of
absolute ownership.   There could not be *full* control in a case
like this, where there was not the power to deal, in an abso-
lute and unrestricted manner, with the property given.   All
the rest of his estate was given by the testator to his wife with
full control.   If the two words "full controll" were dropped
from the clause it would read "All the rest of my estate I give
her."   Could it be even suggested that she would not, under
those terms, have taken absolutely all the property to which
the clause applies?   Does the addition of those two words cut
down the gift to a mere life estate?   Obviously not.   He did
not give her, for her life, full control over the residue of his
estate; nor was it a mere *power* to control which was con-
ferred.   But it was all the rest of his estate which he gave
her, and then he added, after the effective words, "*full control,*"
evidently omitting the preposition *with.*   If the clause were
to be read, "all the rest of my estate I give her, *with* full con-
trol," it cannot be doubted that the whole and complete in-
terest of the testator in the residuum of his estate would have
passed to his widow; and that his daughter could have had no
possible pretext for asserting the claim which she now makes.
The omission of the word *with*, by him, will not alter the
meaning of the clause, in view of the principles to which allu-
sion has been made, and will not cut down to a gift for life, the
estate which the addition of that preposition would have
shown incontestably was intended to be an absolute interest.

None of the cases relied on by the appellant conflicts with the view just expressed. We need not examine them all. A few will be considered, merely by way of illustration. Take the case of *Noland* v. *Welch*, 88 Md. 48. There the testator devised the residue of his estate, including a farm, to a trustee, with directions to pay an annuity for the support of the testator's grandson, and it was declared that if the grandson should attain the age of twenty-two years, then the trustee should convey the property to the grandson, "who shall manage and control the same," and if he should die without leaving children or the issue of such (if any have died), then and in that event the farm was devised to the testator's niece. It was held that the grandson, upon reaching the age of twenty-two, took only a life estate in the farm, with alternative contingent remainders over, first, to his children, and secondly, in default of children or the issue of deceased children, to the niece. That case is wholly different from this. There were distinct and unequivocal limitations over in remainder upon the death of the grandson; and, therefore, it would have destroyed—not merely marred—but destroyed the whole scheme and obvious purpose of the will to have given to the words "manage and control" an effect which would have transformed the life estate into a fee and would have totally obliterated the remainders. In the case at bar there is no limitation over after a life estate and the quality of the estate given is not enlarged by or dependent on the words "full control." The extent of the interest given by the clause is as large *without* those words as *with* them. In *Randall* v. *Josselyn*, 59 Vt. 561, the will declared that the testatrix's son was to have the "control and management" of designated property, "which I give to him and his heirs absolutely, provided he has children or descendants who can inherit the same; if not, then at his decease to a nephew." It was held that "the control and management of the property which the will gives him (the son) manifestly does not include power of disposal. * * * The language shows that the testatrix did not intend that her property should vest absolutely in her son." The delegation to the son of

the control and management of the property devised, could not create an indefeasible fee in the face of the explicit contingent limitations in remainder.   The words creating those remainders would have been completely ignored and disregarded had the Court ascribed to the other terms, "control and management," a meaning which converted the restricted gift into a gift in fee.   The case of *Wolffe* v. *Loeb*, 98 Ala. 429, bears no analogy to the present.   The language of the will in that case was as follows: "Know ye, by these presents, that I have declared, made this my last will, that in the event of my death my wife, Lena Wolffe, shall be the *sole controller* of all my real estate, my personal property, any stock, &c., &c.,   *   *   *   I make my wife *sole controller just the same as if I was alive*, &c." It was held that the words control and controller did not imply a power in the wife to make an absolute disposition of the property, or to use and enjoy it as if it belonged to her.   It must be borne in mind that there was no *gift* of the property to any one, and there were no words of disposition in the instrument.   The effort, in the absence of a gift and of such words, was to construe the paper to mean that the wife had been constituted sole legatee and devisee, simply because she had been declared by the will to be the *sole controller* of the testator's property.   No such attempt is made here.   The words "full control" are not sought to be interpreted as equivalent in meaning to any term signifying gift, because the verb give is already in the clause and is the operative and effective word to vest title in the wife.   There is no occasion to invoke the phrase "full control," to ascertain whether the clause embodies a gift.   Its plain language is "all the rest of my estate I *give* her full control."   The gift of all the rest is there.   It was absent in the case last cited.

Much stress was laid in the argument upon the doctrine that the heir is never to be excluded on mere conjecture.   He may be excluded, however, even though to accomplish that end it is necessary to uphold a devise by implication.   Devises by implication have been sustained where it has been apparent that it was necessary to do so in order to give effect to the

plain intention of the testator.    But in cases of this character the implication must be obvious, and not merely possible or probable; for the title of the heir at law being plain, no words in a will ought to be construed in such a manner as to defeat it, if they can have any other signification.    *Zimmerman* v. *Hafer*, 81 Md. 347; *Ridgely* v. *Bond*, 18 Md. 448.    Even explicit and unequivocal declarations that the heir shall not inherit are ineffectual to defeat his right, unless the estate is given by the will to some one else.

But this doctrine finds no place in the case before us.    The gift of the residuary estate is not by implication.    There is no declaration that the daughter, the only heir-at-law, shall not inherit; but the whole rest and residue of the testator's estate is given to his wife.    The plain terms of the will so declare; and if, by judicial construction, the extent of the estate so given were narrowed or cut down to a mere life interest, a new will would be framed by the Court, after the testator's death, to take the place of an essentially different one, made by him in his lifetime.    This cannot be done.

In our judgment the ruling of the Court below upon the demurrer was right and the decretal order dismissing the bill will therefore be affirmed.

> *Order affirmed with costs above and below.*

(Decided June 23rd, 1905.)