[L. A. No. 5200. Department One.—October 25, 1917.]

In the Matter of the Estate of J. J. HARTENBOWER, Deceased. ELSIE WEISS et al., Appellants, v. CYNTHIA J. HARTENBOWER, Respondent.

ESTATES OF DECEASED PERSONS—WILL—RIGHT OF WIDOW.—Where a testator declared in his will that all his estate was community property and that he realized that his wife was entitled to a full one-half of all his estate as her lawful share of the community property, and that he intentionally made no other or further provision for her, and then devised and bequeathed his one-half thereof to others, she is entitled to have distributed to her a full one-half of all the property belonging to his estate, regardless of whether it was his separate or community property.

ID.—COMMUNITY AND SEPARATE PROPERTY—LAWS OF OTHER STATES— PRESUMPTION IN ABSENCE OF PROOF.—In the absence of evidence concerning the laws of other states respecting community and separate property of married persons, it will be assumed that the laws are the same as those of this state.

APPEAL from an order of the Superior Court of Los Angeles County distributing a part of an estate of a deceased person. James C. Rives, Judge.

The facts are stated in the opinion of the court.

Stewart & Stewart, for Appellants.

I. W. Stewart, and Edward M. Selby, for Respondent.

SHAW, J.—This is an appeal by the residuary legatees, or some of them, under the last will of the decedent from an order distributing a part of the estate to Cynthia J. Hartenbower, the widow of said decedent.

The fourth clause of the will is as follows:

"Fourthly: I hereby admit, state and declare that all of my estate is community property, having been acquired by me since my marriage with my said wife, Cynthia J. Hartenbower. Realizing that she is entitled under the laws of the State of California to a full one-half of all of said estate as her lawful share of said community property, I intentionally make no other or further provision for her, and the full one-half of said estate which I am entitled to dispose of by will I give, devise and bequeath as hereinafter provided."

The widow filed a petition for partial distribution claiming that she was entitled under this clause of the will to one-half of the estate. The appellants filed objections to such distribution on the ground that the will does not declare an intention to give the widow one-half of the estate, and that the property of the decedent was separate property and that, consequently, the widow was entitled to only one-third thereof as heir of her husband.

Evidence was introduced on the trial showing that the deceased and his wife had resided after their marriage in Iowa and Kansas and that the property owned by the decedent at his death was the proceeds of property acquired by them while living in the said states. No evidence was given, however, so far as the record shows, concerning the laws of those states respecting community and separate property of married persons. In behalf of the widow there was introduced in evidence a decree of the court previously made upon the application of one of the residuary legatees for a partial distribution of the estate, in which proceeding notice was duly given, and after hearing the court made its decree declaring that by the terms of the last will of said deceased said widow was entitled to a full one-half of all the property belonging to the said estate and remaining after paying the debts and expenses of administration, and that said residuary legatee was entitled to a one-fiftieth of the remaining one-half thereof.

We are of the opinion that the fourth paragraph of the will was correctly construed by the court below in making the previous decree. Although said paragraph does not expressly declare the intention of the testator to devise to his widow one-half of the estate, the intention that she shall have that share appears by necessary implication from the language used. Even if we concede that the property was in

CLXXVI Cal.—26

fact the separate property of the decedent and not community property, as he declares by his will, and that the heirs and legatees are not bound by his declaration that it is community property, the said clause of the will is equivalent to a declaration that she shall have the full one-half thereof. In addition, we will say that as the record stands we must assume that the laws of Iowa and Kansas concerning property acquired by persons during their marriage are the same as those of California, and, hence, that the property so acquired is community property as the testator declares. Furthermore, the previous decree, made after hearing to which all the parties were cited by due and legal notice, is an adjudication of the effect of the will. For these reasons we think the appeal is without merit and that the decree of the court below was correct.

The order is affirmed.

Sloss, J., and Lawlor, J., concurred.