LAWRENCE et al. v. LAWRENCE.
Nos. 15122, 15123.

Court of Civil Appeals of Texas.
Fort Worth.
March 10, 1950.

Rehearing Denied April 28, 1950.

Burt Barr and J. Lee Zumwalt, both of Dallas, for appellants.

Thompson, Knight, Wright, Weisberg & Simmons, and Sol Goodell, all of Dallas, for appellee.

McDONALD, Chief Justice.

The matters involved in the two appeals numbered 15122 and 15123 on our docket, both styled Lawrence v. Lawrence, are so interrelated that a single opinion will be written disposing of the two appeals.

Mrs. Nettie Lawrence, the appellee here, filed in the county court of Dallas County an application to probate an instrument in writing alleged to be the last will and testament of her deceased husband, Geo. H. Lawrence. Probate of the will was opposed by Mr. Lawrence's two children by a former marriage, Jess H. Lawrence and Mrs. Margie L. Handley, the latter being joined by her husband. They are the appellants in the two appeals now before us. The will was ordered probated and the contestants appealed to the district court. While such proceedings were pending, appellee filed in the county court an application for allowances for one year's support and in lieu of homestead and exempt personal property. The county court denied the application for allowances, and Mrs. Lawrence appealed to the district court. The two appeals were consolidated by order of the district court. Before the probate appeals were heard in the district court, Mrs. Lawrence filed a suit in the district court in her individual capacity and as temporary administratrix and as executrix without bond of Geo. H. Lawrence's estate, against Jess H. Lawrence and Mrs. Margie L. Handley and Mrs. Handley's husband, seeking a construction of Mr. Lawrence's will, and also seeking an adjudication as to the ownership of a deposit of approximately $6,200 in a named bank in Dallas.

The consolidated probate appeals and the suit originally filed by Mrs. Lawrence in the district court were tried at the same time, and the evidence is brought here in a single statement of facts which we have ordered filed as the statement of facts in both appeals. Judgment was rendered in the consolidated probate appeals to the effect that the will should be probated and that the application for allowances should be denied, although the judgment declared that an allowance in the sum of $1,500 for one year's support should be entered if the will should not finally be probated. In the suit filed by Mrs. Lawrence in the district court judgment was rendered to the effect that Mr. Lawrence's will granted to Mrs. Lawrence a fee-simple estate in the separate property of Mr. Lawrence and in his undivided one-half interest in the community property, and that the bank account was community property.

Cause No. 15122 on our docket is the appeal by Mr. Lawrence's said children from the judgment rendered in the probate matters, and No. 15123 is the appeal from the judgment construing the will and determining ownership of the bank account.

The alleged will was wholly in Mr. Lawrence's handwriting. A photostat copy of the will is included in the statement of facts, and we shall reproduce the will as nearly as can be done by typewriting or printing, placing the words on separate lines in the same manner they appeared in the original will, and including what may or may not have been intended as punctuation marks:

"Dallas. Tex. Sept. 29th 1944
To Whom it may Consern—
That it is my wish: that my wife.
have full control.
Without. Bond.
of all Property and moneys I may
have at the time of my Death.
She has Been my help mate.
and She has helped me to Save
what little we have.
I am Sure my two children
will understand that I have all way.
Done the Right thing in my own way.
　　　　　　　　　　　　Geo H Lawrence.
Witness

Etta May Gerrin.
Dorothy Lue Crow"

Mrs. Gerrin, one of the attesting witnesses, testified in the district court. She identified her signature on the will, and said that Mr. Lawrence asked her to sign the

will, that she told him that she would not sign anything without reading it, that she read the instrument and handed it back to Mr. Lawrence to sign. That Mr. Lawrence signed it, and that she and Mrs. Crow signed it at the same time. She also testified that the will was in Mr. Lawrence's handwriting. It appears from the transcript that substantially the same proof of execution of the will was made in the county court.

Although other questions are raised by the parties, our decision of two questions requires affirmance of the judgments in both appeals. We hold that the instrument executed by Mr. Lawrence was sufficiently definite to entitle it to probate as his will, and we hold that its terms constituted a devise in fee simple to Mrs. Lawrence of all the testator's property.

It is the contention of appellants, the contestants, that the will did not give, bequeath or devise anything. They say that the most it did was to create a trust, naming Mrs. Lawrence as the trustee. They argue, among other things, that vesting her with control of the property did not vest in her any title to the property. They further say that if the testator intended to vest any title in her, the will is so indefinite that it cannot be determined from its language what sort of estate was intended to be vested in Mrs. Lawrence.

The courts often have occasion to construe language in wills that is vague, confusing, or conflicting. Logic and experience have combined to produce what are now settled rules of construction which often enable the courts to arrive at a reasonable interpretation of a will. "The dominant factor running through all the rules announced or discussed relating to this question is that the intent of the testator, as derived from the language used in the entire instrument, considered in connection with the relation and situation of the parties, will control." Briggs v. Peebles, 144 Tex. 47, 188 S.W.2d 147, 149. "More latitude is permitted courts in the construction of a will to ascertain the testator's intention than in the construction of a deed". Id. "The rule obtains in this State that where a person makes a will the general presumption prevails that the testator intended to dispose of all of his property, and there is no presumption that the testator intended to die intestate as to part of his estate if the words used in the will may carry the whole of his property." Id. "* * * it is not requisite under our statutes and decisions that a testator use technical words of conveyance in order to pass title to his real estate or personalty. It is only essential that he use language sufficiently clear and unequivocal to show an intention that the property designated pass to the beneficiary named." Drinkard v. Hughes, Tex.Civ.App., 32 S.W.2d 935, 936. The policy of this State is reflected in Art. 1291, Revised Civil Statutes, which reads as follows: "Every estate in lands which shall thereafter (hereafter) be granted, conveyed or devised to one although other words heretofore necessary at common law to transfer an estate in fee simple be not added, shall be deemed a fee simple, if a less estate be not limited by express words or do not appear to have been granted, conveyed or devised by construction or operation of law." Other rules of construction will be mentioned during the course of the opinion.

It is clear that the instrument was testamentary in character in the sense that it was intended to take effect at Mr. Lawrence's death and was not intended to be a present conveyance. It is also clear from the language of the instrument that the testator intended that all of his property should be affected by the instrument.

Appellants' principal contention, put briefly, is that Mrs. Lawrence was only named as an executrix, or a trustee, and that the will did not bequeath the property to her. Appellee's contention is that the language of the will, when all of it is considered in the light of the settled rules of construction, reveals an intention on the part of the testator to vest full and complete ownership of the property in her. Both parties cite us to decisions claimed to be in point, but as is said in one of the most exhaustive opinions we have read, that in the case of Gilman v. Gilman, 99 Conn. 598, 122 A. 386, precedents are of little

weight in the interpretation of wills where the cases are not precisely analogous, because every will presents its own problems and in general must stand by itself. The inclusion or omission of a single word, or the placement of punctuation marks, or the relative positions of phrases or clauses, or the conditions and circumstances of the parties which may furnish a background against which the language of the will may have to be viewed in order to arrive at its true meaning, these and a great many other factors may serve to distinguish two wills which may be much alike in their language. Too often a will may have been written by a testator who was not familiar with legal phraseology, and who may have used words in a non-technical sense which ordinarily have a technical meaning, or who may have failed to include words that would have made his meaning more clear or who may have used more words than were necessary to effect a given purpose. We do believe, however, that the provisions of the wills in Welsh v. Gist, 101 Md. 606, 61 A. 665, and in Harned v. Wise, 185 Ky. 60, 214 S.W. 813, are sufficiently similar to those in the will before us to make the opinions in those cases especially in point.

If the will before us had included only the language, "That it is my wish that my wife have full control without bond of all property and moneys I may have at the time of my death," we would be inclined to hold that such language would not be sufficient to enable us to say what interest or estate, if any, the testator intended she should have, and would declare the instrument ineffective for any purpose, or else we would be inclined to hold, for the same reasons a similar holding was made in Wolffe v. Loeb, 98 Ala. 426, 13 So. 744, that the instrument amounted only to an appointment of Mrs. Lawrence as executrix without bond and that it made no disposition of the testator's property. But to our minds the remainder of the instrument indicates that the testator intended to do more than merely name an executrix. The language, "She has been my help mate and she has helped me to save what little we have," strongly suggests that the testator felt that their estate was small, that his wife would need all of it, and that she was worthy of more than would come to her under the laws of descent and distribution. The language, "I am sure my two children will understand that I have all way done the right thing in my own way," is reasonably susceptible only of the interpretation that it was an explanation to them of his act in leaving to Mrs. Lawrence by the will property which would otherwise have gone to his children. "In construing a will, it is the duty of the court to give effect to the instrument and to every part of it, if that is legally possible or if it is practicable to do so." 44 Tex.Jur. 705. When we examine the background, as courts have so often done in the effort to interpret the language of a will, we find that Mr. and Mrs. Lawrence were well advanced in age, that their business consisted in the operation of one or two rented rooming houses, that they had only a modest income and only a small amount of personal property other than the $6,200 in the bank, and had no real estate. Mr. Lawrence's two children by a former marriage, who are the appellants here, were both situated better financially, or at least as well, as were Mr. and Mrs. Lawrence. The personal property, consisting of some furniture of not great value which was used in the rooming houses, and an old automobile, were not the sort of property that a testator would ordinarily be expected to convey to a trustee for the benefit of children, nor was it the sort of property which would ordinarily be left to one person for life with remainder over to another unless such was done in connection with property of a more valuable and permanent nature. The same may be said of the money in the bank account.

If we treat the will as doing no more than appointing an executrix or a trustee, we have the testator dying intestate as to all of his property, we have no one named as beneficiaries of the trust, and we have no provisions with reference to the duration or any conditions of the trust. As is pointed out in Heller v. Heller, 114 Tex. 401, 269 S.W. 771, the very purpose of a will is to make such provisions that the testator will not die intestate, and as is said in 44 Tex. Jur. 707, "In construing wills the courts in-

dulge certain presumptions for the purpose of avoiding intestacy. Thus unless a contrary intention is plainly expressed or necessarily implied, it is presumed from the mere fact of making a will that the testator intended to dispose of his entire estate and that he did not intend to die intestate as to the whole or any part of his property."

The language of the will does not indicate to our minds that the testator intended that Mrs. Lawrence should have either a life estate or a conditional fee. As said above, the character of the property involved and the small amount of it tend to militate against such a conclusion. Also, it is a familiar rule of construction that the law favors the first taker, and that the language of the will should be construed so as to grant to the first taker the greatest estate which, by a fair construction, it is capable of passing. 44 Tex.Jur. 703. Appellants say that the words "without bond" indicate that Mrs. Lawrence was referred to in the will only as an executrix, because if it was intended to leave her the property in fee it was not necessary to say either that she should have full control of it or that she should be allowed to deal with it without bond. A somewhat similar contention was made in Gilman v. Gilman, 99 Conn. 598, 122 A. 386, 389, supra. The court there pointed out that an executor to whom property was left in fee would often be granted in express language the power to dispose of the property, in order to facilitate the transfer of it while the administration of the estate was yet pending, saying that "the power of sale is simply convenient machinery of administration." Commenting on the observation of counsel in the case that "an illiterate person might employ more words than were necessary to express her intention," the court remarked that such tendency was "not confined to illiterates, nor to women," but that "Nearly all persons are prone to make by way of emphasis or explanation to any statement unnecessary additions, to paint the lily, and to make plainer what is already entirely plain."

In our study of this alleged will we have been at times inclined to feel as did the court in Winn v. William, 292 Ky. 44, 165 S.W.2d 961, 964, which, after saying that "To reduce the perplexity to a minimum and to assist in ascertaining a testator's intention when it has not been clearly expressed, a number of rules have been formulated or canons of construction adopted, which logic and experience teach tend to accomplish that end," the court went on to say that in the case before it "The application of the general rules serves only to further the confusion; and analyses and the light of logic have availed little." And we join with that court in saying, "If a man wishes to dispose of his estate by will he ought to express his desires so they can be accomplished. If he is not able to say what he wants to say or is so negligent that he does not write what he has in his mind, or have someone else to do it, he ought not to expect the courts to read his mind or divine his will by some sort of supernatural power."

Yet, it is clear from the language of this instrument and from the proof of its execution that Mr. Lawrence undertook to make a will, that he intended that his wife should have a right or interest in his property greater than she would have had without the will, that he felt that an explanation should be made to his children as to the reason for the testamentary disposition he was attempting to make, and that he wanted his wife to have "full control" of the property. Bearing in mind the circumstances of the parties at the time the will was executed, the nature of the property, and all other evidence that is before us, we believe that the intentions of the testator are shown clearly enough that we should say, as did the county and district courts, that the instrument was entitled to probate as Mr. Lawrence's will, and, as the district court held, that Mrs. Lawrence was entitled under the terms of the will to have, in fee, his separate property and his interest in the community property. Our views, if correct, require an affirmance of both judgments of the district court, and any other questions raised on the appeal become immaterial.

Appellants did not file a statement of facts. Appellee, over appellant's protest, filed a statement of facts. Appellants

argue that they had the right to appeal without a statement of facts, taking their chances on the lack of a statement of facts in the appellate record, and that in no event should they be taxed with the costs of the statement of facts. It has been beneficial, in our study of the language of the will, to consider the evidence, and, under the authority granted us by Rule 435, Texas Rules of Civil Procedure, we deem it proper that this item of costs, as well as the other costs of appeal, should be taxed against appellants.

The judgment of the district court in each of said appeals is affirmed.