[Civ. No. 9687.   Third Dist.   Oct. 20, 1959.]

Estate of JOSEPH RUPLEY, Deceased. WILLIAM A. RUPLEY, Appellant, v. MYRTLE B. APPLEGATE, as Administratrix, etc., et al., Respondents.

*Assigned by Chairman of Judicial Council.

H. D. Jerrett for Appellant.

Busick & Busick and Beverly & Weidman for Respondents.

WARNE, J. pro tem.*—This is an appeal from a judgment in a probate proceeding determining heirship.

Appellant, William A. Rupley, is the administrator of the estate of his father Charles Joseph Rupley, deceased, who was the son and heir of Joseph Rupley, deceased. In his petition to determine heirship he alleged that the estate of Charles Joseph Rupley is entitled to a distributive share and interest in the estate of Joseph Rupley and that the other heirs are Frederick A. Rupley, Elmer O. Rupley, Genevieve Marie (Rupley) Noto and Joe Rupley, and that he, as the representative of the estate of Charles Joseph Rupley, and each of the other named heirs is entitled to a one-fifth distributive interest in said estate of said Joseph Rupley.

It is further alleged and it appears that the estate of Joseph Rupley, deceased, consisted of separate property which decedent had acquired prior to his marriage to his wife Ruth, who survived him. The estate consists of both real and personal property. It is conceded that all of said property was the separate property of said deceased.

Ruth A. Rupley has since died and Myrtle B. Applegate is the administratrix of her estate. The will of Joseph Rupley, insofar as is pertinent to the issue now before the court, provides:

"First: I declare that the principal part of my estate consists of my interest in the estate of my father, John W. Rupley, now deceased, and is, therefore, my separate property, but that the real property, owned by me and described as being the North half of the Southwest quarter and Lots Three and Four of Section Fourteen in Township Twelve North, Range Fifteen East, Mount Diablo Meridian, in the County of El Dorado, State of California, and all livestock, tools, implements, furniture and other personal property now owned by me is the community property of my wife, Ruth A. Rupley, and myself.

"Second: I recognize the interest and right of my said wife, Ruth A. Rupley, in and to all of said community property and it is my desire that she have her half interest in the said community real property and I hereby give and bequeath to her all of my interest in and to all of said community

---

*Assigned by Chairman of Judicial Council.

personal property and all community personal property owned by me at the time of my death.

"Third: I give and bequeath to Clara Pearl Griggs, my daughter by adoption, the sum of Ten Dollars.

"Fourth: All the rest, residue and remainder of my estate, both real and personal, wherever situate, of which I may die seized or possessed, or to which I may be entitled at the time of my decease, I give, devise and bequeath to my children, Charles J. Rupley, Frederick A. Rupley, Elmer O. Rupley, Genevieve Marie Rupley and Joe Rupley, in equal shares."

The trial court found and decreed, among other things, that the real property described in the will was the separate property of the deceased at the time of his death, but that under the terms of said will one-half of said separate property was devised to his wife, Ruth, by implication.

It appears that a patent to the real property described in the will of the testator was issued to him on October 22, 1913, under a homestead entry upon United States land applied for in 1909 and that the deceased was married to Ruth A. Rupley on December 18, 1910. Therefore, since the homestead entry was made prior to his marriage to Ruth, it was his separate property, although the patent was issued more than three years subsequent to the marriage. (*Minium* v. *Minium*, 53 Cal.App. 55 [199 P. 1104]; *Meyer* v. *Meyer*, 82 Cal.App. 313, 319 [255 P. 767].)

Appellant contends that the trial court erred in finding that Ruth A. Rupley was named as a legatee and devisee in the will of her deceased husband, Joseph Rupley, and that the words of the testator in clause first of his will, to wit: "it is my desire that she [Ruth] have her half interest in the said community real property" was based on the testator's mistaken belief that the property was community property rather than separate property because he did not receive the patent thereto until after his marriage to Ruth.

We do not agree. The findings find ample support in the language contained in the second paragraph of the deceased's will, to wit: "it is my desire that she have her half interest in the said community real property and I hereby give and bequeath to her all of my interest in and to all of said community personal property and all community personal property owned by me at the time of my death." In *Estate of Hartenbower*, 176 Cal. 400 [168 P. 560], the fourth clause of the testator's will read as follows: "I hereby admit, state and declare that all of my estate is community property, having

been acquired by me since my marriage with my said wife, Cynthia J. Hartenbower. Realizing that she is entitled under the laws of the State of California to a full one-half of all of said estate as her lawful share of said community property, I intentionally make no other or further provision for her, and the full one-half of said estate which I am entitled to dispose of by will I give, devise and bequeath as hereinafter provided.'' On an appeal by the residuary legatee from an order distributing one-half of the testator's property to his surviving wife, the Supreme Court held:

''. . . Although said paragraph [the fourth] does not expressly declare the intention of the testator to devise to his widow one-half of the estate, the intention that she shall have that share appears by necessary implication from the language used. Even if we concede that the property was in fact the separate property of the decedent and not community property, as he declares by his will, and that the heirs and legatees are not bound by his declaration that it is community property, the said clause of the will is equivalent to a declaration that she shall have the full one-half thereof.''

Likewise, in the instant matter, even though the property was not in fact the community property of the decedent, as he declared by his will, but his separate property, and that his heirs and legatees were not bound by his declaration that it was community property, the second clause of his will is equivalent to a declaration that his wife Ruth shall have the full one-half thereof.

The judgment is affirmed.

Peek, Acting P. J., and Schottky, J., concurred.