Bennie RILEY, Executor of the Estate of Joe Johnson, Deceased, Appellant,

v.

Amy JOHNSON et al., Appellees.

No. 4127.

Court of Civil Appeals of Texas.

Waco.

April 18, 1963.

J. Leonard Gotsdiner, Houston, for appellant.

Fowler & Conn, J. C. Trotter, Houston, for appellees.

WILSON, Justice.

The independent executor of the estate of testator appeals from a declaratory judgment determining rights under the following provisions of the will:

"I hereby state that all of the property that I have at this time is an undivided one-half in the community property acquired by myself and my wife, Amy Johnson, and that all of the property owned by both of us is community property, and it is my intention to dispose of the community one-half owned by me in such community property."

Another clause, 3, gave "all the money I own at the time of my death, regardless of kind, character or description" to nine named brothers, nieces and nephews. The following clause, 4, granted to testator's surviving wife a life estate in "all of the remainder of my property, including all real estate, owned by me at the time of my death, regardless of kind, character or description", with remainder in fee to the same nine kindred. One of the latter was a nephew who predeceased testator. No children were born of testator's marriage.

The trial court found, and the parties agree that all the property of testator was community property with the exception of one lot, which was in fact his separate property.

The trial court concluded the bequest to the deceased nephew lapsed; that as to that portion of his estate testator died intestate, and it vested in his surviving wife by descent; and that testator had elected to treat all of his estate as community property under his will and his widow was entitled thereby to one-half of his separate property and one-half of all community property. We are unable to adopt the contentions of the parties or the entire basis on which judgment was rendered.

The first question in determining testator's intent is the legal effect of his declaration that all the property he had was "an undivided one-half in the community property" acquired by himself and his wife, when in truth property acquired before his marriage, of which he died seized, was his separate property.

A general rule applicable to that problem is summarized in 4 Page on Wills (1962), Sec. 30.18, p. 124:

> "A declaration in a will that a testator had no separate property of his own, but that his entire estate consisted of his interest in the community property owned by himself and his wife, has not the effect of converting his separate property into community property, nor does it amount to an implied devise to his wife of one-half of his separate estate."

The clause containing testator's statement that all his property consists of a community interest and that it is his intention to dispose of it, first quoted above, contains in itself no language which may be construed as constituting a gift or devise. If all testator's estate had actually been a community property interest, and none his separate property, that clause alone would not effect a disposition of it. The succeeding clause gives express legacies of money. All the remainder of his property, including all real estate he owns *"regardless of kind, character or description"* is thereupon disposed of in a subsequent clause by an unambiguous gift to his wife "for and during her natural life, and no longer."

Our research has disclosed only the following decisions which have considered similar problems: Moore v. Moore, Tex. Civ.App., 259 S.W. 322, 327; Hatch v. Ferguson, 9 Cir., 68 F. 43, 50, 33 L.R.A. 759, affirming 9 Cir., 57 F. 966; In Re Hartenbower's Estate, 176 Cal. 400, 168 P. 560; In Re Rupley's Est., 174 Cal.App.2d 597, 345 P.2d 11; Efird v. Efird, 234 N.C. 607, 68 S. E.2d 279, 281. Cf. Rowe v. Gilbert, Tex. Civ.App., 276 S.W.2d 583, writ ref. n. r. e.; and see 96 C.J.S. Wills 754, p. 152. These authorities uniformly support the general rule stated in Hatch v. Ferguson that a specific devise of all the testator's interest and estate "cannot be controlled or diverted by the expression of his belief that the estate so devised was the one-half interest in community property." In Moore v. Moore the will declared the entire interest testator owned was community, and he devised all his property to his wife for life with remainder to a son who predeceased him. Chief Justice Gallagher emphasized that the declaration preceded the clause disposing of testator's property, as here, and said, "[t]he error in the declaration as to the nature and extent of his interest" in property disposed of "should not, in our opinion, defeat the purpose, clearly expressed in the next paragraph, that his wife should have all his property for and during her natural life."

In our opinion the wife took a life estate, under the terms of the will, in all testator's property, except money, including the realty which was his separate property.

The nephew who predeceased testator was not a descendant under Sec. 68, Probate Code, V.A.T.S., but a collateral heir. The devise to him lapsed, therefore, and vested in testator's surviving widow, there being no other general residuary clause or substitutionary provision. Bittner v. Bittner, Tex.Com.App., 45 S.W.2d 148, 152; Morton v. Hill, Tex.Civ.App., 355 S.W.2d 269, 271, writ ref., n. r. e.; and see Goodson v. Goldsmith, 131 Tex. 418, 115 S.W.2d 1100, 1102; Logan v. Thomason, 146 Tex. 37, 202 S.W.2d 212, 215. "If the gift which fails is itself a part or all of the residue it cannot be said to pass into the residue, for it is there already." 4 Page on Wills (1962) Sec. 33.56, p. 390.

The lapsed legacy to the deceased nephew of money under clause 3 passed into the residuary estate under Clause 4 of the will. The gift of remainder to the nephew there likewise having lapsed, title to it vested in testator's widow by descent.

Numbered findings and determinations in the judgment, except No. 7, are undisturbed. The second and fourth unnumbered adjudicatory paragraphs of the judgment are vacated. Judgment is here rendered declaring (1) that Amy Johnson, surviving

wife of testator, takes under the will the interest in testator's estate which was devised to Trav Jackson, his deceased nephew: ⅛th of testator's money, an undivided ⅛th remainder interest in testator's separate estate, and an undivided ⅛th remainder interest in testator's interest in community property, (of which an undivided 40% is set aside to the attorneys named in said fourth adjudicatory paragraph); and (2) that Amy Johnson takes a life estate in all other property of testator, except money. The remainder of the judgment is affirmed. Costs on appeal are taxed ¼th against appellee, ¾ths against appellant.