Louise Mayer **TALIAFERRO** and
Randell Druce Bryant,
Appellants,

v.

Robert Randell **MAYER** and Charles
Howard Mayer, Appellees.

No. 2–84–095–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 12, 1984.

John M. Anderson, Fort Worth, for appellants.

Kenneth C. Curry, Fort Worth, for appellees.

FENDER, C.J., and HUGHES and JORDAN, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal from a judgment construing a holographic Will. The trial court construed the Will to mean that testatrix intended that her grandson have a life estate in her home and contents, not a fee simple. Further, the trial court ruled that testatrix's Ford automobile was not part of the bequest.

We affirm.

In her holographic Will testatrix requested that her three children serve as independent executors. After the Will was probated, two of testatrix's children, Robert Randell Mayer and Charles Howard Mayer, petitioned the court for a construction of the Will. They claimed that paragraph 3 of the Will was vague and ambiguous. It read:

"Randell Druce Bryant my grandson shall have complete charge of my home at 357 James Lane Bedford Tex. this

includes all the contents. His desires are the finale [sic] say so."

Randell Druce Bryant and his mother, Louise Mayer Taliaferro (daughter of testatrix and also an independent co-executor), contended that the Will gave Randell a fee simple interest in testatrix's home, its contents and her Ford automobile, which was customarily parked outside the home on the street.

In their first point of error appellants (Louise and Randell) claim that Robert Randell Mayer and Charles Howard Mayer only petitioned the court to construe the Will in their capacities as independent co-executors, and not as individuals. Appellants argue that the judgment of the trial court is therefore void because Robert and Charles are devisees under the Will and hence, should have been joined in their individual capacities under TEX.R.CIV.P. 39. Appellants also note that the petition to construe the Will was brought pursuant to TEX.REV.CIV.STAT.ANN. art. 2524–1, sec. 11 (Vernon 1965), the Uniform Declaratory Judgment Act, which provides that "all persons shall be made parties who have or claim any interest which would be affected by the declaration, ..."

■ We do not accept appellants' premise here that Robert and Charles brought this petition to construe only in their capacities as independent co-executors and were not present in their individual capacities. The first line of the motion reads: "ROBERT RANDALL MAYER and CHARLES HOWARD MAYER, applicants, petition this Court ..." There is no indication in this introductory phrase that Robert and Charles are proceeding exclusively as independent co-executors. Moreover, although Count I of the motion to construe states that "Applicants, have duly qualified and are acting independent executors ...", this language also fails to suggest that Robert and Charles are proceeding exclusively in their capacities as independent co-executors. It simply notifies the court that they are independent executors. Appellants' first point of error is overruled.

In their second, third and fourth points of error appellants urge that the trial court misconstrued paragraph 3 of the Will in holding that it created only a life estate, and not a fee simple, in Randell. They also contend that the trial court erred in finding that testatrix did not include her Ford automobile, which was kept on the street outside the house at 357 James Lane, as a bequest in fee simple to Randell.

■ We disagree with all of appellants' contentions. To construe a Will, the intent of the testator, as expressed in the testamentary instrument, must be determined. *Stewart v. Selder*, 473 S.W.2d 3 (Tex.1971). The key phrase in paragraph 3 is that Randell "shall have complete charge" of testatrix's home and its contents.. Whether testatrix created a fee simple or a life estate depends to a great extent on the meaning of this phrase. In construing this phrase, we are guided by the following directions from the Texas Supreme Court:

"While the Texas decisions are liberal in the construction of wills, and the courts of Texas go a long way in the relaxation of the rules of construction of wills to arrive at the manifest intention of the testator, especially when the will is written by a layman, *courts are limited to the intent found within the will itself, and may not redraft the will.*" *Huffman v. Huffman*, 161 Tex. 267, 339 S.W.2d 885, 889 (1960). [Emphasis added.]

Webster's Third New International Dictionary 377 (1981) defines "charge" as a "person or thing committed or entrusted to the care of another." In the context of paragraph 3, therefore, the use of "charge" indicates that testatrix intended to place the house and its contents into the *care* of Randell. We acknowledge that testatrix expressed the intent that this care should be absolute. First, testatrix stated that Randell "shall have *complete* charge;" [emphasis added] and second, testatrix stated that Randell's "desires are the final say so," which implies that Randell has ultimate responsibility and authority for the

*care* of the home and its contents. We do not find, however, that paragraph 3 creates a fee simple in Randell. First, we note the absence of any words of grant or devise in paragraph 3. In *Huffman, supra,* the Texas Supreme Court held that the language: "The Rotary Apts. Inc. stock belonging to me has been handed to Myrtle and Lyter for what I lost them in the oil deal," *Huffman,* at 886, did not constitute a bequest. To a large extent the Court based its finding on the absence of words of grant or devise in the instrument. We find, therefore, that the absence of such words in paragraph 3 significantly weakens appellants' claim that testatrix created a fee simple. Furthermore, testamentary language which only transfers the right, no matter how absolute, to care for property, must be distinguished from testamentary language which transfers the right to own property. *See Lawrence v. Lawrence,* 229 S.W.2d 219, 222 (Tex.Civ.App.—Fort Worth 1950, writ ref'd n.r.e.). Finally, it must be pointed out that while paragraph 3 transfers the right to care for the property to Randell, it does not empower him to dispose of the property. *See C.C. Young Memorial Home for Aged Women v. Nelms,* 223 S.W.2d 302, 304 (Tex.Civ.App. —Dallas 1949, writ ref'd n.r.e.).

Appellants argues that the trial court failed to apply properly the presumption that "An estate in land that is conveyed or devised is a fee simple unless the estate is limited by express words, or unless a lesser estate is conveyed or devised by construction or operation of law." TEX.PROP. CODE ANN. sec. 5.001(a) (Vernon 1984). In response, we simply note that a trial court may properly find that the testatrix intended to create a lesser estate. Appellant also contend that the extrinsic evidence introduced at trial requires us to reverse the trial court. While the evidence showed that testatrix had a close relationship with Randell and that Randell lived with the testatrix for several years, this evidence does not conclusively show that testatrix intended to create a fee simple. There was no error in the trial court's finding that testatrix conveyed only a life estate interest to Randell.

Finally, we find that the language of paragraph 3 fails to show that the testatrix intended to include the Ford automobile in the bequest. Paragraph 3 refers to testatrix's home and its contents. It would be stretching the meaning of "contents" too far to say that it included an automobile parked on the street. All of appellants' points of error are overruled.

The judgment below is affirmed.