**FIRST METHODIST CHURCH OF SHINER, Appellant,**

v.

**Herman Devoe WRIGHT, et al., Appellees.**

**No. 13–85–246–CV.**

Court of Appeals of Texas, Corpus Christi.

Feb. 27, 1986.

Rehearing Denied April 3, 1986.

Elwood Gaus, Gaus & Natho, Yoakum, for appellant.

R.L. Miller, Miller, Miller & Robinson, Gonzales, for appellees.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

This is a will construction case involving the effect a provision in a Life Tenant's will has on the remainder interest created by a prior will. We reverse and remand.

Edmund Herder died testate in 1952 leaving his wife, Martha, certain specific bequests and a life estate in the residue and bulk of his estate, with a remainder interest in the residue to Edmund and Martha's daughter, Elvera Augusta Schaefer. Elvera Schaefer died in 1962, and her remainder interest from Edmund's will passed to her husband, Quentin Bryan Schaefer. Appellees are the executors of the Estate of Quentin Bryan Schaefer and of the Estate of Martha Herder.

Martha Herder, the life tenant, died testate in 1980, and her will was duly probated. Appellees, the executors of the estate of Quentin B. Schaefer and Martha Herder, brought this action for the construction of Martha Herder's will. Appellant, the First Methodist Church of Shiner, was devised the residue of Martha Herder's estate by paragraph VII of her will. Appellant sought removal of the executor, an ac-

counting, the appointment of a Master to determine the property allocable to each estate and a distribution of the property.

Paragraph VI of Martha Herder's will giving rise to the litigation reads:

For the guidance of my Executor hereinafter named, and for the purpose of preventing any possible dispute with reference to my estate, I make the following statements, to-wit:

A. The only real estate in which I now own any interest in the fee simple title is my home place in Block No. 63, in the City of Shiner, Lavaca County, Texas.

B. All properties, real, personal and mixed now in my possession and control are owned as follows, to-wit: under the Will of Edmund Herder, deceased, and the Will of Elvera Augusta Schaefer, deceased, Quentin Bryan Schaefer owns a fee simple interest in an undivided one-half (½) interest in and to all of such property, real, personal and mixed, subject, however, to my life estate (coupled with certain dispositive powers) therein, which I hold under the Will of Edmund Herder, deceased: and the other undivided one-half (½) interest in all such properties are owned and held by me in fee simple.

The trial court, after a non-jury hearing, entered judgment for appellees. In its Findings of Fact and Conclusions of Law, the trial court concluded that Martha Herder intended that half of all properties in her name at her death be treated as belonging to her estate and the other half be treated as belonging to her deceased husband's estate; that the executor be instructed to distribute half to the beneficiaries of her estate and half to the beneficiaries of her deceased husband's estate; that this amounted to a bequest to the beneficiaries of her deceased husband's estate; and, that the testatrix intended to devise only half of the properties to The First Methodist Church of Shiner. Accordingly, judgment was entered denying the accounting and awarding one-half of all the property Martha Herder possessed to the remaindermen,

appellees, and one-half to her residual devisee, The First Methodist Church.

Appellant's first and second points of error are prefaced with the allegation that the trial court erred in entering judgment allocating half of all properties in decedent's name to appellees. Appellant contends that Paragraph VI of Martha Herder's will is not a bequest but merely a statement alerting the executor that she held a life estate in the properties conveyed under her husband's will. We agree.

■ In construing a will, the court must ascertain and enforce the intent of the testator, using the language within the will to determine the intent. *See Shriner's Hospital for Crippled Children of Texas v. Stahl*, 610 S.W.2d 147 (Tex.1980); *Welch v. Straach*, 531 S.W.2d 319, 322 (Tex.1975); *Rekdahl v. Long*, 417 S.W.2d 387, 389 (Tex. 1967). Paragraph VI contains no language which can be construed as constituting a bequest or devise. *See Riley v. Johnson*, 367 S.W.2d 82, 84 (Tex.Civ.App.—Waco 1963, no writ). It is not necessary that a testator use technical words of conveyance in order to pass title to real estate or personalty. However, it is essential that he use language sufficiently clear and unequivocal to show an intention that the property designated pass to the beneficiary named. *Lawrence v. Lawrence*, 229 S.W.2d 219, 221 (Tex.Civ.App.—Fort Worth 1950, writ ref'd n.r.e.). No such testamentary intention is expressed in paragraph VI. This paragraph attempts to explain the status of the property in her possession; that a portion is hers in fee that is disposed of by her will, and a portion is subject to her life estate that will pass to the remaindermen under her deceased husband's will.

It has long been the law in Texas that a misstatement in a will of the nature of the testator's property will not affect or alter the status of the property as to whether it is separate or community. Nor will this amount to an implied gift or devise of one-half of the separate estate. *See Carriere v. Bodungen*, 500 S.W.2d 692, 695 (Tex. Civ.App.—Corpus Christi 1973, no writ);

*White v. Eastman*, 461 S.W.2d 184 (Tex. Civ.App.—Eastland 1970, no writ); *Riley v. Johnson*, 367 S.W.2d 82 (Tex.Civ.App.— Waco 1963, no writ).

In *Carriere*, this Court held that just such a statement did not alter the status of the property or constitute an implied gift to decedent's wife. Instead, we held that the undevised separate property passed to the sons who were the beneficiaries under the residuary clause of the will.

■ In the instant case, we hold that Paragraph VI was an attempt to declare that certain property held by the testatrix was owned by her and certain other property was subject to her life estate and was not a bequest. The separate property not otherwise devised in the will as a specific bequest passed to appellant in the residuary clause of the will. Appellant's first and second points of error are sustained.

■ Appellant's third and fourth points of error allege that the trial court erred in failing to make a determination of which property is owned by the Martha Herder estate and which property constitutes the Edmund Herder remainder.

Appellee, Herman Devoe Wright, as executor of the Martha Herder estate, filed an accounting of all property belonging to the estate and all claims paid or owing by the estate. The evidence also includes the inventory of Edmund Herder's estate, made and filed at the time of his death.

As noted earlier, appellees are not beneficiaries under the Martha Herder will; they are entitled to the remainder of Edmund Herder's estate because of the death of the life tenant, Martha. Appellant is entitled to receive the residue of the Martha Herder estate, which consists of the property she owned in fee simple less the specific bequests of her will. The trial court is required to give "a full description of all the estate to be distributed." TEX. PROB.CODE ANN. § 378(c) (Vernon 1980). In order to give this description and distribute the property passing under this will, the court must make a determination of the ownership of the property listed by appel-

lee in the inventory filed herein. Appellant's third and fourth points of error are sustained.

The judgment of the trial court is REVERSED, and the cause is REMANDED for the trial court's determination of property ownership and distribution thereof, in accordance with this opinion.