Opinion issued January 28, 2014



In The

# Court of Appeals

For The

## First District of Texas

————————————

## NO. 01-12-00579-CV

————————————

## LISA T. DUDLEY, CINDI L. ARMER, KRISTEN K. THELANDER, AND GUNNAR K. THELANDER, Appellants

## V.

## THE JAKE AND NINA KAMIN FOUNDATION, Appellee

On Appeal from Probate Court No. 2
Harris County, Texas
Cause No. 399,104-401

## MEMORANDUM OPINION

This appeal arises from a declaratory judgment action concerning the administration of the will of the late Jake Kamin. The appellants, his grandchildren, challenge the trial court's conclusion that Kamin did not die

partially intestate as to one-half of his separate property. They contend that the will's reference to one-half of Kamin's property is a failed specific bequest that passes through intestacy. We affirm.

## Background

Jake Kamin signed his Last Will and Testament on July 24, 2008. At the time of his death, Jake was married to Nina Nathan Kamin and had four living grandchildren: Lisa T. Dudley, Cindi L. Armer, Kristen K. Thelander, and Gunnar K. Thelander. The will disposed of Jake's property through a series of specific bequests and a residuary clause, which provided as follows:

> A-7   Residuary Estate. I give all of the remainder of my estate, including any of the above gifts that lapse ("my residuary estate"):
>
> (a)   If my wife survives me, to the trustee of the Nina Nathan Kamin Marital Trust.
>
> (b)   If my wife does not survive me, to the Jake and Nina Kamin Foundation.

The will also includes a paragraph describing Jake's "Separate Property":

> F-3.   Separate Property. The gift under Paragraph A-3(b) of one-half of my separate property shall include those assets (other than the items expressly excluded from such gift) . . . . My wife and I have kept careful records indicating which assets comprise our community estate and which our respective estates . . . for purposes of the gift under Paragraph A-3(b).

Although Paragraph F-3 references a gift under Paragraph A-3(b), there is no Paragraph A-3(b) in the will.

2

Jake passed away in 2010. Nina died one year after Jake, causing the property identified in the residuary clause to pass from the marital trust to the Foundation according to the trust's terms. The grandchildren filed a declaratory judgment action in probate court to construe the will, and the Foundation filed a counterclaim and cross-claim for declaratory judgment. Both parties moved for traditional summary judgment; the probate court ruled in favor of the Foundation. It held that Jake Kamin did not die partially intestate and that the entire estate passes through the specific bequests and residuary clause. This appeal followed.

**Analysis**

The grandchildren contend that the trial court erred in granting summary judgment in favor of the Foundation and denying their motion for summary judgment. They argue that the testator, Jake, intended to make a specific bequest of one-half of his separate property and that, while this gift failed for want of a beneficiary, it was his intent that this property not be part of his residuary estate. They claim therefore that the property does not pass under the residuary clause but instead through intestacy.

In reviewing cross-motions for summary judgment, "we follow the usual standard of review for traditional summary judgments." *Lockheed Martin Corp. v. Gordon*, 16 S.W.3d 127, 132 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). On appeal, summary judgments are assessed de novo. *Provident Life & Accident*

3

*Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Traditional summary judgment is properly granted only when a movant establishes that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). When a plaintiff moves for summary judgment, it must prove that it is entitled to summary judgment as a matter of law on each element of his cause of action. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986) (per curiam); *accord Cleveland v. Taylor*, 397 S.W.3d 683, 696–97 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). When a defendant moves for summary judgment, it must either (1) disprove at least one element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of an affirmative defense to rebut plaintiff's cause. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam).

To decide whether issues of material fact preclude summary judgment, evidence favorable to the non-moving party must be taken as true, every reasonable inference must be indulged in its favor, and any doubts resolved in its favor. *Knott*, 128 S.W.3d at 215. The movant must conclusively establish its right to judgment as a matter of law. *Charida v. Allstate Indem. Co.*, 259 S.W.3d 870, 872 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citing *MMP*, 710 S.W.2d at 60). A matter is conclusively established if reasonable people could not differ as to

the conclusion to be drawn from the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

When construing a will, a court should focus on the testator's intent. *San Antonio Area Found. v. Lang*, 35 S.W.3d 636, 639 (Tex. 2000). The testator's intent is determined by looking at the language found within the four corners of the will. *Id.* at 639. The question is not what the testator intended to write, but the meaning of the words he actually used. *Id.*

All parts of the will must be harmonized if possible, and every clause, word, and sentence should be considered in determining the testator's intent. *Lacis v. Lacis*, 355 S.W.3d 727, 733 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd w.o.j.); *see also Gee v. Read*, 606 S.W.2d 677, 680 (Tex. 1980). We presume that the testator placed nothing superfluous or meaningless in his will and that every word plays a part in the disposition of his property. *Lacis*, 355 S.W.3d at 733; *Marlin v. Kelly*, 678 S.W.2d 582, 587 (Tex. App.—Houston [14th Dist.] 1984), *aff'd*, 714 S.W.2d 303 (Tex. 1986).

In order for a clause to be interpreted as a specific bequest, it does not need to include any special language but only needs to "use language sufficiently clear and unequivocal to show an intention that the property designated pass to the beneficiary named." *First Methodist Church of Shiner v. Wright*, 706 S.W.2d 720, 722 (Tex. App.—Corpus Christi 1986, writ ref'd n.r.e.) (citing *Lawrence v.*

5

*Lawrence*, 229 S.W.2d 219, 221 (Tex. Civ. App.—Fort Worth 1950, writ ref'd n.r.e.)). Accordingly three elements are required for a clause to be considered a bequest: the name of the beneficiary, language "sufficiently clear and unequivocal to show an intention" to pass property, and the identity of the property to be gifted. *See id.* The intent to create a specific bequest does not exist unless the words of the will itself demonstrate intent to make a specific bequest. *See Lang*, 35 S.W.3d at 639 (requiring focus on the words the testator actually used) (citing *Shriner's Hosp. for Crippled Children of Tex. v. Stahl*, 610 S.W.2d 147, 151 (Tex. 1980)).

We presume that a testator did not intend to die partially intestate in cases when the testator had a valid will at the time of his death, because the mere act of making a will shows that "the testator intend[ed] to dispose of all of his property and not die intestate as to any part thereof." *Carr v. Rogers*, 383 S.W.2d 383, 384 (Tex. 1964); *accord Shriner's Hosp.*, 610 S.W.2d at 151; *Hancock v. Krause*, 757 S.W.2d 117, 121 (Tex. App.—Houston [1st Dist.] 1988, no writ). "[I]f a will is open to two constructions, that interpretation will be given it which prevents intestacy." *Shriner's Hosp.*, 610 S.W.2d at 151.

"The basic purpose of a residuary clause . . . is to prevent partial intestacy." *Morris v. Finkelstein*, 442 S.W.2d 452, 455 (Tex. Civ. App.—Houston [14th Dist.] 1969, writ. ref'd n.r.e.); *see also Shriner's Hosp.*, 610 S.W.2d at 151. Indeed, the

6

Supreme Court of Texas pronounced the presumption against intestacy "especially strong" when a residuary clause is present. *Shriner's Hosp.*, 610 S.W.2d at 151.

The grandchildren ask us to find from the text of Paragraph F-3 that Jake intended to make a specific bequest of half his separate property but that this bequest failed for want of a named beneficiary. The grandchildren further argue that as the subject of a failed bequest, one-half of Jake's separate property should pass by intestacy rather than under the residuary clause.

We need not decide whether Jake subjectively intended a specific bequest of one-half of his separate property. Even if such a gift was subjectively intended, it is undisputed that such a gift would fail for want of a named beneficiary. Our task then is simply to determine whether Jake died intestate as to one-half of his separate property.

Jake left a will. We thus presume that he did not intend to die intestate. *See id.* His will contained a residuary clause. This makes the presumption that he did not intend to die intestate particularly strong. *Id.* The grandchildren do not direct our attention to any portion of the will that indicates a contrary intent. To the extent that they rely on the reference to the alleged failed gift suggested by the reference in Paragraph F-3, their arguments contravene the presumption that failed gifts pass into the residuary. *See id*. at 152. The existence of a failed gift cannot be

taken as evidence of intent to die partially intestate when the law uses a contrary presumption.

The grandchildren rely on *Bittner v. Bittner*, 45 S.W.2d 148 (Tex. Comm'n App. 1932). In *Bittner*, the court explained the former rule that property that is part of a lapsed bequest does not become part of the residuary unless the testator expresses that intent in the will. *See id.* at 152. However, the rule stated in *Bittner* has been replaced by the current rule that a lapsed bequest passes into the residuary unless a specific intent to the contrary is shown. *Lacis*, 355 S.W.3d at 733 (citing TEX. PROB. CODE ANN. § 68(b) (West 2003)).

The grandchildren also call our attention to *Carr v. Rogers*, 383 S.W.2d 383 (Tex. 1964). In *Carr*, the text of an alleged residuary clause was restricted to certain types of property. *Id.* at 385. Given these limitations on the clause's scope, the court refused to treat it as a residuary clause. *Id.* In this case, unlike *Carr*, there is no question that the will includes a residuary clause. Paragraph A-7 embraces "all of the remainder of my estate" without further qualification; it does not restrict itself to certain categories of property. *See Shriner's Hosp.*, 610 S.W.2d at 121 ("[T]he use of the terms 'rest and residue' of the estate' will be presumed to have been used in the normal and usual sense.").

The other cases upon which the grandchildren rely involved residuary clauses that could not be carried out due to defects within the clauses themselves.

8

*See, e.g.*, *Holcomb v. Newton*, 226 S.W.2d 670, 672–73 (Tex. Civ. App.—Texarkana 1950, writ ref'd) (will's residuary clause ineffective because it did not name a beneficiary).  In contrast to the cases marshaled by the grandchildren,[*] the will in this case contains an unmistakable, unqualified residuary clause.

As there is no basis in the will from which to infer that Jake intended to die intestate as to one-half of his separate property, the disputed property passes pursuant to the residuary clause. *See Shriner's Hosp.*, 610 S.W.2d at 152.

---

[*]    *See In re Estate of Hunt*, 908 S.W.2d 483, 485 (Tex. App.—San Antonio 1995, writ denied) (deciding whether a will disposed of entire estate); *Harrington v. Walker*, 829 S.W.2d 935, 936 (Tex. App.—Fort Worth 1992, writ denied) ("The wills contained a residuary clause that was expressly not applicable . . . ."); *Neinast v. Brauckmuller*, 401 S.W.2d 113, 114, 117 (Tex. Civ. App.—Houston 1966, no writ) (holding residuary clause did not dispose of the testator's entire estate because clause excepted "real property mentioned above"); *Fain v. Fain*, 335 S.W.2d 663, 664 (Tex. Civ. App.—Fort Worth 1960, writ ref'd) ("There is no residuary clause . . . ."); *Wolkewitz v. Wood*, 216 S.W.2d 611, 611–12 (Tex. Civ. App.—Texarkana 1948, writ ref'd n.r.e.) (the "portions of the will pertinent" did not contain a residuary clause).

9

## Conclusion

We affirm the trial court's judgment.



Michael Massengale
Justice

Panel consists of Justices Keyes, Higley, and Massengale