James H. BRADLEY et al., Appellants,

v.

ESTATE of Mrs. Myrtle GRAY et al., Appellees.

No. 7421.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 21, 1964.

Rehearing Denied Jan. 18, 1965.

Cowsert & Bybee, Hereford, Boedeker & McCann, Levelland, A. W. Salyars, Lubbock, for appellants.

Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellees.

DENTON, Chief Justice.

This is a summary judgment case. Suit was brought to cancel two lease contracts on approximately 2451 acres of land in Deaf Smith County, Texas. The trial court granted plaintiffs below a summary judgment cancelling the lease contracts on the ground the lessees subleased the land without the consent of the landlord in violation of Article 5237, Vernon's Ann.Civ.St. The trial court further rendered judgment against all defendants jointly and severally for the sum of $21,287.38, the value of the crops produced from the land for the year 1963.

Mrs. Myrtle Gray, a widow, owned the land in question. She died December 23, 1962, and the executors of her estate qualified on January 13, 1963. During Mrs. Gray's lifetime she entered into written lease contracts with James H. Bradley as guardian of his two minor sons as lessees. The two leases under attack were executed on December 5, 1958, and March 20, 1959, respectively. Each lease called for an annual cash rent, and each lease was to extend to December 31, 1965, or until the 1965 wheat crop was harvested. The leases contained no specific language either permitting or prohibiting subleasing by the lessees. The Bradleys subleased the land in question to J. B. Crawford for a three-year period beginning January 1, 1963. The appellants Bradley and sons and Crawford have filed separate briefs; however they bring forward substantially the same points of error. Each appellant contends the trial court erred in granting appellees' motion for summary judgment on the grounds a material issue of fact was raised by the pleadings, affidavit, and depositions; the lease contract between the Bradleys and Mrs. Gray permitted subleasing; and the summary judgment evidence raised questions of waiver, estoppel, or ratification on the part of appellees.

■■ In passing upon a motion for summary judgment, all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the opposing party is entitled to the benefit of every reasonable inference which can be properly drawn in his favor. Gulhenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Womack v. Allstate Ins. Co., 156 Tex. 467, 296 S.W.2d 233. The law is now well settled as to how the rule relative to the burden of proof is to be applied where a party moves for a summary judgment in an action where the opposing party has pleaded an affirmative defense. In such cases the movant is entitled to have a summary judgment if he demonstrates by evidence that there is no material fact issue upon the elements of his cause of action, unless the opposing party comes forward with a showing that there is a disputed fact issue upon the affirmative defense. Gulf, Colorado & Santa Fe Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492. The McBride case is also

authority for the proposition that affirmative defenses must be raised by some means other than mere pleadings.

Subsequent to the filing of their amended petition, plaintiffs below filed their unverified motion for summary judgment. This motion alleged the pleadings, depositions, and admissions on file show there was no genuine issue as to any material fact and alleged it was entitled to a judgment for full recovery as a matter of law. The defendants filed verified replies to the motion for summary judgment. The replies consisted of pleadings which adopted their amended answers, alleged such pleadings raised genuine issues of fact; an affidavit of J. B. Crawford; and made reference to the exhibits which included the depositions of James H. Bradley, J. B. Crawford, and John D. Aikin, a co-executor of the Estate of Myrtle Gray and one of the plaintiffs below. This was the status of the case when a hearing was held. The trial court granted plaintiffs' motion for summary judgment in addition to the judgment for plaintiffs for the value of the 1963 crops produced by Crawford. The record contains the two written leases, admissions of the subleasing to Crawford by Bradley, and possession of the premises by Crawford. An examination of appellees' summary judgment evidence as shown by the depositions and interrogatories reveals appellees had sustained their burden to show there was no genuine issue of fact as to the cause of action asserted by them. In our opinion this evidence entitled plaintiffs to a summary judgment unless the defendants below raised a fact issue pertaining to their affirmative defense of waiver by summary judgment evidence presented by them.

■ It is well settled, and appellees agree, that the rights accruing to a lessor under the provisions of Article 5237 may be waived. Nelson v. Seidel, (Tex.Civ.App.), 328 S.W.2d 805, (Refused, NRE), and cases cited therein. The question which then presents itself is whether or not appellants have presented sufficient evidence to raise an issue of a material fact. Appellants' pleadings, which can not be considered as evidence, included pleadings of waiver and estoppel by way of prior subleasing by Bradley; knowledge and acquiescence by Myrtle Gray and her attorney; and knowledge and acquiescence to subleasing by the executors of the Gray Estate after Mrs. Gray's death, thus consenting to such subleasing and thereby waiving their right to cancel and terminate the lease contracts. Appellants further pleaded appellees made no demand for possession of the land until October 15, 1963, some four months after Crawford had allegedly informed one of the executors of the Estate that he was subleasing the land from the Bradleys. In support of these pleadings Crawford by affidavit stated he informed Aikin, one of the executors and an appellee here, in June of 1963 that he subleased the land in question from Bradley; that Aikin did not inform him at that time that Bradley had no authority to sublease the property; that possession of the land was not demanded until October of 1963; and that between June and October of 1963 Crawford harvested his potato crop from the land, cultivated and irrigated his maize crop; and plowed, irrigated, and fertilized some of the land in preparation for a 1964 wheat crop. Crawford's deposition on file corroborated these assertions contained in his affidavit. By deposition Aikin testified he was informed by a third party in June of 1963 that Crawford had subleased the land from Bradley, but he was unable to discuss the matter with Bradley until August of 1963. At that time Aikin testified he learned of the sublease to Crawford. Aikin further said he had previously notified Bradley that he would not accept further rental checks. However, Bradley testified he transmitted a check to Aikin on August 1, 1963, for rents due under one of the leases. It is undisputed this check was retained by Aikin but was not cashed.

■ A review of the summary judgment evidence presented by appellants shows they have raised a material fact issue relative

to the affirmative defense of waiver. By depositions and affidavit it is shown the executors of the Myrtle Gray Estate were informed of Crawford's sublease in June of 1963. No objection was made to Crawford's sublease at that time, and no demand for possession was made until some four months later. In the meantime Crawford expended labor and money in harvesting and preparing the land for further use. In our opinion this raises a fact issue as to whether or not the executors relinquished their right to cancel the lease contracts. This is an issue which should be passed upon by a trier of the facts. We therefore conclude the trial court erred in granting the summary judgment. In view of this holding, it is unnecessary to discuss other points of error presented by the appellants.

The judgment of the trial court is reversed, and the cause is remanded for a trial on the merits.