Ardith WHITE et al., Appellant,

v.

Charlene Wilkes EASTMAN, Appellee.

No. 4411.

Court of Civil Appeals of Texas, Eastland.

Oct. 23, 1970.

Sterling W. Steves, Robert R. Bodoin, Ft. Worth, for appellant.

Walter C. Beardsley, Midland, for appellee.

COLLINGS, Justice.

Ardith White and Betty Goodmiller brought this suit in the District Court against Charlene Wilkes Eastman to construe the will of William G. Eastman, deceased. As the only children of William G. Eastman by a former marriage, Plaintiffs urged that the deceased died intestate as to two policies of life insurance, both of which were alleged to be his separate property, and that both policies designated the deceased's estate as beneficiary. Plaintiffs sought to recover from the Defendant two-thirds of the policy proceeds as equal heirs of William G. Eastman, as if he owned the proceeds as his separate property and had died intestate. Both Plaintiffs and Defendant filed motions for summary judgment. The motion of Plaintiffs was denied and that of Defendant was granted, and judgment was rendered that Plaintiffs take nothing. The Plaintiffs have appealed.

The record shows that when William G. Eastman married Appellee, Charlene Wilkes Eastman, in 1953 he was the owner of the two life insurance policies here under consideration. At the time of his death in 1967, he was still married to Appellee and still the owner of the two policies. The beneficiary of both of the policies was the decedent's estate. On November 20, 1968, during his marriage to Appellee, Eastman wrote a will, which was admitted to probate in the County Court of Palo Pinto County. It is stipulated and agreed by the parties that the pertinent portions of the will are as follows:

"Article I"

"I do hereby declare that I am now married to CHARLENE WILKES EASTMAN, that no children have been born to our marriage nor have we adopted any child or children. I am the father of two children in a previous marriage. I do hereby further declare that all of the property standing in my name and all of the property in which I have any interest is the community property of myself and my beloved wife, Charlene Wilkes Eastman, all of same having been acquired since our marriage. Both before and since 1955, I have made gifts to my beloved wife of my community property one-half in interest, dividends, rents and other revenues received from my wife's separate property.

"Article II"

"I give, devise and bequeath unto my beloved wife, Charlene Wilkes Eastman, all my property."

Appellants present one point of error in which it is contended that the court erred in concluding that the net proceeds of the two insurance policies passed by the will of W. G. Eastman to Appellee, Charlene Wilkes Eastman. Appellants' entire case is built on the declarations of the testator in Article I that all of his property is community property, when, in fact, the insurance policies were separate property. Appellants contend that such declaration limits the dispositive provision of the will to community property, so that the deceased died intestate as to the two life insurance policies which he owned as separate property. Appellants contend that the will was ineffective to vest in Appellee, Mrs. Eastman, any interest in the separate estate of the testator. We can not agree with this contention.

In Article II of the will the testator states: "I give, devise and be-

queath unto my beloved wife, Charlene Wilkes Eastman, all of my property." This provision is controlling and vests in Appellee the ownership of all the testator's property both community and separate. The testator did state in the will that all of the property standing in his name was community of himself and Appellee, Charlene Wilkes Eastman. This statement did not, of course, affect or alter the status of the property in question. It is held that a specific devise of all the testator's interest and estate can not be controlled or diverted by the expression of a mistaken belief that the estate devised is community property. Riley v. Johnson, 367 S.W.2d 82 (Tex.Civ. App.1963, No Writ Hist.); Moore v. Moore, 259 S.W. 322 (Tex.Civ.App.1924, No Writ Hist.).

The judgment is affirmed.