Charles J. McDONALD et al., Appellants,

v.

C. C. CLEMENS, Appellee.

No. 538.

Court of Civil Appeals of Texas, Tyler.

Feb. 18, 1971.

------◆------

R. L. Whitehead, Sr., R. L. Whitehead, Jr., Longview, for appellants.

Smead, Roberts, Harbour, Smith, Harris, French & Parker, Paul E. French, H. P. Smead, Jr., Longview, for appellee.

DUNAGAN, Chief Justice.

This is an appeal from an order of the 188th District Court of Gregg County, Texas, granting a summary judgment. Appellee C. C. Clemens instituted a suit for declaratory judgment concerning certain United States Savings Bonds, the face amount of which totaled $118,000.00. C. C. Clemens is the surviving husband of Hannah McDonald Clemens, deceased. Hannah McDonald Clemens died testate on the 5th day of July, 1969. Charles J. McDonald and the other appellants in this cause are the children of Hannah McDonald Clemens, deceased, by a prior marriage and are the sole beneficiaries under the last will and testament of Hannah Clemens, deceased, which has been admitted to probate by the County Court of Gregg County, Texas. C. C. Clemens and Hannah Clemens were married in 1924 and lived together as husband and wife until the death of Hannah Clemens.

Appellee's original petition sought a declaratory judgment that certain Series H United States Savings Bonds, payable jointly to himself and his deceased wife, Hannah Clemens, were his sole and separate property. Appellants filed a general denial and thereafter appellee filed a motion for summary judgment which was supported by the affidavit of appellee attached thereto.

In response, appellants filed their first amended answer sworn to by Charles J. McDonald and therein set up the defense of fraud and also that it was the intention of the deceased that the bonds would be community property upon her death. In support of this, appellants filed an affidavit by Charles J. McDonald, who is the Independent Executor of the Estate of Hannah Clemens, deceased, and attached to the affidavit a note addressed "To whom it may concern", bearing date "April 4–56", alleged to have been written by Hannah Clemens, deceased, during her lifetime. Appellants offered nothing further in opposition to appellee's motion for summary judgment.

Following a hearing, the trial court entered judgment sustaining plaintiff-appellee's motion for summary judgment.

Appellants present three points of error which are as follows:

"FIRST POINT

"The trial court erred in rendering Summary Judgment for Plaintiff when the pleading and affidavits which must be taken as true raised numerous disputed genuine material fact issues.

"SECOND POINT

"The trial court erred in rendering Summary Judgment for Plaintiff when Plaintiff failed to negate Defendants' pleading of fraud.

"THIRD POINT

"The trial court erred in rendering Summary Judgment for Plaintiff when Plaintiff failed to negate Defendants' contention that the intent of the deceased was that the bonds would be community property upon her death."

Appellee alleges in his motion for summary judgment that he and Mrs. Clemens were married in 1924 and said marriage continued until the death of Mrs. Clemens on July 5, 1969; that at the date of her death there were United States Savings Bonds on hand, the face amount of which totaled $118,000.00 which were listed by serial numbers, face amount, issue date and payee on Exhibit "A" attached to appellee's motion for summary judgment and made a part of the same by reference for all purposes; that Hannah H. Clemens whose name appears as a payee on these bonds is one and the same person as Hannah Clemens, deceased; also that Claude C. Clemens whose name appears as a payee on these bonds is one and the same person as C. C. Clemens; further, that upon the death of Hannah Clemens (or Hannah H. Clemens) all of the savings bonds involved herein became the sole and separate property of C. C. Clemens; that the affidavit of C. C. Clemens is attached thereto and made a part of his motion for summary judgment by reference for all purposes, and that the pleadings, together with his motion for summary judgment, show that there is no genuine issue as to any material fact and that C. C. Clemens is entitled to a judgment as a matter of law.

The statements contained in appellee's affidavit are substantially the same as the allegations in his motion for summary judgment except for this additional statement in his affidavit: "At the date of the death of Hannah Clemens, United States Savings Bonds were on hand all of which were payable to Hannah Clemens or this Affiant."

Appellants in their first amended answer allege "that C. C. Clemens was guilty of actionable fraud in from time to time representing to the deceased Hannah Clemens that said bonds were community property and thereby inducing her to invest therein to the detriment of the Defendants in this cause of action" and also that they would "show to the Court that in May, 1931, the Plaintiff, as part of the consideration of the deceased, Hannah Clemens, placing her income from the McDonald Estate into the joint account, contracted with the said Hannah Clemens that any investment made out of said joint account would be community property."

The essential parts of appellant Charles J. McDonald's affidavit insofar as the question to be determined on this appeal is concerned read as follows:

"I have known C. C. Clemens practically my entire life as he married my mother, Hannah McDonald, when I was a young boy. The act of C. C. Clemens in inducing my mother, Hannah Clemens, to buy, and in buying himself, the bonds made the basis of this lawsuit, so that they would contain a survivorship clause was done for the purpose of defrauding me and the other heirs of Hannah McDonald out of our portion of this property. In addition, the intent of my mother was that we would receive one-half of the bonds at the time of her death. This was represented to me both orally and in writing.

"Mr. Clemens has told various people in the community that upon my mother's death there would be very little left for the McDonalds, and I sincerely believe that he has done and is doing everything in his power to deprive us of the property of my deceased mother.

"There is attached hereto and made a part hereof a copy of a note which my mother wrote in 1956 which shows that the intention of she and my step-father was that the bonds would be community property and would vest in her children at the time of her death."

The note referred to by the affiant Charles J. McDonald allegedly written by his mother, Hannah McDonald Clemens, reads:

"To Whom it may Concern:

"We leased our home place and ½ the royalty before the oil boom. Claude had leased the 60A. joining us and when he sold some royalty under the 60A he found out he didn't have any royalty. He had to go to court to get the childrens part as their mother was dead.

"When the oil boom came we leased ¼ of our home place.

"Before the oil boom Claude sold 15A under the 62½A. He brought out Mr. J. Afton Burke of Corsicana Tex. and a Notary. I begged him not to sell, we had quite an argument on our Front Porch which I can prove by Mr. Burke. The only excuse he could give, that it was more than it was worth.

"Sure we owed some debts and had for years, but none that just had to be paid. We were making a good living trucking at the same time we had about 15A royalty and it was community property under the home place which could have been sold if necessary. Claude realized what he had done when it was to late. Now he claims he had to sell to pay of our place. Which is not true. He just wanted the money and the 15A royalty was his.

"In May–31 we leased our 75A more or less to the Humble Refining Co. for $700.00 an acre. They paid $400.00 cash and $300.00 in oil. We received $18000.-00 which we deposited in The First National Bank, Longview, Tex. in a joint acct.

"I give all the credit to Claude for making the trade. I put the McDonald estate, with the consent of the Court as part payment on the place and Claude & I paid out the rest so have some community property. To show my appreciation to Claude all the income from my part of the McDonald estate has been deposited to our joint acct. If it hadn't been for Claude, my children wouldn't have had anything. The cash and bonds in the Bank will be community property. "April 4–56

"/s/ Mrs. Hannah Clemens"

The case of Free v. Bland, 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180, which was decided by the United States Supreme Court in 1962, involved an appeal from the District Court of Upshur County, Texas, is squarely in point and has in no way been subsequently distinguished or overruled. In Free v. Bland, Series "E" and "F", United States Savings Bonds had been issued to husband and wife living in Texas, the savings bonds in question were payable to "Mr. or Mrs. Free." After Mrs. Free's death, her husband, J. W. Free, claimed exclusive ownership by operation of the applicable Treasury Regulations[1] which provide that the survivor will be recognized as the sole and absolute owner. Bland, who was a son of Mrs. Free by a prior marriage and who was the principal beneficiary under her last will and testament, claimed an interest in the United States Savings Bonds by virtue of the Texas Community Property Laws. The lawsuit was originally filed by Bland against his stepfather, Free. Following an

[1]. 31 CFR, sec. 315.61:
If either coowner dies without the bond having been presented and surrendered for payment or authorized reissue, the survivor will be recognized as the sole and absolute owner. Thereafter, payment or reissue will be made as though the bond were registered in the name of the survivor alone.
31 CFR, sec. 315.20:

No judicial determination will be recognized which would give effect to an attempted voluntary transfer inter vivos of a bond or would defeat or impair the rights of survivorship conferred by these regulations upon a surviving coowner or beneficiary, and all other provisions of this subpart are subject to this restriction.

appeal to the Court of Civil Appeals, 337 S.W.2d 805, and the Texas Supreme Court, 162 Tex. 72, 344 S.W.2d 435, the United States Supreme Court granted writ of certiorari.

The similarity in Free v. Bland and the case now before this Court is readily apparent. In the instant case the United States Savings Bonds in issue are Series "H" bonds. The applicable Treasury Regulations governing Series "E", "F" and "H" bonds are identical. The payees in the United States Savings Bonds involved in this case are "Mr. or Mrs. Clemens." In the case at bar as was in the case of Free v. Bland, the wife died first and the husband claims the right to be recognized as the sole and absolute owner of the United States Savings Bonds in issue, pursuant to the applicable Treasury Regulations and the decision of the United States Supreme Court in Free v. Bland. The appellants in the case now before us, as was also the case in Free v. Bland, are children of the deceased wife by a prior marriage who, as beneficiaries under her last will and testament, claim an interest in these United States Savings Bonds under the Texas Community Property Laws.

The United States Supreme Court in Free v. Bland held that the Supremacy Clause of the United States Constitution invalidated the law of Texas which would prohibit a married couple from taking advantage of the survivorship provisions of United States Savings Bonds merely because the purchase price was paid out of community funds and awarded sole and absolute title to the United States Savings Bonds in issue to Free, the surviving co-owner. The Dallas Court of Civil Appeals made a like holding in Chamberlain v. Robinson, 305 S.W.2d 817 (1957), writ refused.

Appellants recognize the principles of law announced by the United States Supreme Court in Free v. Bland as above stated. They rely, however, upon their allegations of fraud which relief the United States Supreme Court in the Free case said "would be available in a case where the circumstances manifest fraud or a breach of trust tantamount thereto on the part of a husband while acting in his capacity as manager of the general community property."

It is worthy of note that until the decision of the United States Supreme Court in Free v. Bland in 1962, the courts of this state had recognized United States Savings Bonds purchased with community funds as being, in fact, community property. Practically all of the bonds in question in this cause were purchased prior to 1962. Appellee did not change the mode of investment, only the law changed with the United States Supreme Court decision in Free v. Bland.

Even though appellants have based their appeal upon three specific points of error, as in any summary judgment case there is actually only one question to be decided. In determining the matter of rendering or affirming a summary judgment in favor of a party, the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup., 1970); Harrington v. Young Men's Christian Association of Houston, etc., 452 S.W.2d 423 (Tex.Sup., 1970); Rule 166–A(c), Texas Rules of Civil Procedure. The burden of proof is upon the party moving for summary judgment and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. The evidence upon such a motion must be viewed in the light most favorable to the party opposing the motion. The affiant must have personal knowledge of statements depended upon to raise a fact issue and must be competent to

testify as to the subject matter of the statement. Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (Tex.Sup., 1962); Rule 166–A(e), T.R.C.P. In addition, the affidavit must be so worded that the statements made therein would be admissible in evidence if the witness attempted to so testify at a trial of the cause. Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396 (Tex. Sup., 1958); Montez v. Bailey County Electric Co-Operative, 397 S.W.2d 108 (Tex. Civ.App., Amarillo, 1965, writ ref., n. r. e.); Gaston v. Copeland, 335 S.W.2d 406 (Tex. Civ.App., Amarillo, 1960, writ ref., n. r. e.). All conflicts in the evidence are disregarded and the evidence which tends to support the position of the party opposing the motion is accepted as true. Generally speaking, if uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact unless it is clear, direct, and positive and there are no other circumstances in evidence tending to discredit or impeach such testimony. General American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Tex.Sup., 1965); Parrott v. Garcia, 436 S.W.2d 897 (Tex.Sup., 1969); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952).

However, where the plaintiff moves for summary judgment in an action in which the defendant has pleaded an affirmative defense, the movant is entitled to summary judgment if he demonstrates by evidence that there is no material disputed factual issue upon the elements of his claim, unless his opponent comes forward with a showing that there is such a disputed fact issue upon affirmative defense. Gulf, Colorado & Santa Fe Railway Company v. McBride, 159 Tex. 442, 322 S.W.2d 492, 500 (1958); Torres v. Western Casualty and Surety Company, 457 S.W.2d 50, 53 (Tex.Sup., 1970); McDonald, Texas Civil Practice, 1970, Cumulative Supplement, p. 45 sec. 17.26.1; 45 T.J.2d, sec. 145, p. 654. Leone v. Valiant Ins. Co., 461 S.W.2d 426 (Tex. Civ.App., El Paso, 1970).

Where a motion for summary judgment is supported by affidavit sufficient on its face to establish facts which, if proven at the trial, would entitle the movant to an instructed verdict, the opponent must show opposing evidentiary data which will raise an issue as to a material fact. Also where a party's motion for summary judgment has support in affidavit form which will sustain his contention that there is no genuine issue of fact, the opponent is required to come forward with more than a mere pleading denial, even a sworn one, in order to overcome the force of the motion. The facts stated in the affidavit of the opponent of a motion for summary judgment, like the movant's affidavits, must be so worded that if the testimony was given from the stand during trial, it would be admissible. Affidavits consisting of mere conclusions of law or fact or based on hearsay and which do not affirmatively show that the affiant has personal knowledge of the facts therein recited, are insufficient to prevent the granting of a motion for summary judgment. Box v. Bates, 162 Tex. 184, 346 S.W.2d 317 (1961); Statham v. City of Tyler, 257 S.W.2d 742, 745 (Tex.Civ.App., Texarkana, 1953, err. ref., n. r. e.); Fonville v. Southern Materials Co., 239 S.W.2d 885, 888 (Tex.Civ.App., Galveston, 1951, err. ref., n. r. e.); Westfall v. Lorenzo Gin Company, 287 S.W.2d 551, 555 (Tex.Civ.App., Eastland, 1956, n. w. h.); Sparkman v. McWhirter, 263 S. W.2d 832 (Tex.Civ.App., Dallas, 1953, err. ref.); Keahey v. Dallas Teachers Credit Union, 374 S.W.2d 450 (Tex.Civ.App., Tyler, 1964, n. w. h.).

■ Appellants' plea of fraud as alleged in their first amended answer constitutes an affirmative defense which must be pleaded by the party relying on it and the burden rested upon the appellants to establish the various elements thereof. No duty is imposed upon a plaintiff to incorporate in his petition allegations which negative the defense of fraud. Rule 94, T.R.C.P.; Gulf, Colorado & Santa Fe Railway Com-

pany v. McBride, supra; Reed v. Buck, 370 S.W.2d 867, 874 (Tex.Sup., 1963); Bradley v. Gray's Estate, 385 S.W.2d 681 (Tex.Civ.App., Amarillo, 1964, writ ref., n. r. e.); City of Houston v. Socony Mobil Oil Company, 421 S.W.2d 427 (Tex.Civ. App., Houston 1st dist., 1967, writ ref., n. r. e.); 45 T.J.2d, sec. 63, p. 480. Also affirmative defenses must be raised by some means other than mere pleadings. Gulf, Colorado & Santa Fe Railway Company v. McBride, supra; Bradley v. Gray's Estate, supra; Watson v. Godwin, 425 S.W.2d 424, 428 (Tex.Civ.App., Amarillo, 1968, writ ref., n. r. e.).

As to appellants' claim of fraud, the burden was upon them to raise a fact issue as to its existence by competent evidence. This burden could not be discharged in the absence of a showing that all of the elements of actionable fraud were present. Mere conjecture or evidence which does not necessarily tend to that conclusion is insufficient. Charges of fraud must be established by clear and specific evidence unaided by presumptions, inferences or intendments. Until or unless fraud is proved, the presumption is in favor of the fairness of a transaction and specific acts of fraud must be both alleged and proved by appellants in response to appellee's motion for summary judgment. 26 T.J.2d, sec. 111, pp. 77–82.

Appellants have offered no proof of probative force that appellee ever made any specific or particular representation to Hannah Clemens, that Hannah Clemens relied upon said representation, that such representation was material to the transaction involved, that Hannah Clemens was induced thereby to purchase the United States Savings Bonds here in issue which provide for a right of survivorship, and that but for such representation would not have done so, and that said representation by C. C. Clemens was fraud. It was their burden to set forth these allegations by way of a proper affidavit or proof in reply to appellee's motion for summary judgment and his affidavit accompanying same. This they have wholly failed to do.

The alleged facts stated relating to the fraud alleged by appellants would not be admissible in evidence because they constitute nothing more than conclusions of the affiant Charles J. McDonald based upon hearsay and therefore are insufficient under Rule 166–A, T.R.C.P. Some of the alleged facts obviously are not based upon the personal knowledge of the affiant and are likewise insufficient under said rule.

Even if the note purportedly written by Mrs. Hannah Clemens, deceased, and attached to Charles J. McDonald's affidavit, can be said to have been properly proved, it is no proof of fraud on the part of the appellee, C. C. Clemens. Moreover, the statement in the last sentence of the note, upon which the appellants apparently rely, that says "(t)he cash and bonds in the Bank will be community property", did not affect or alter the legal status of the property in question. White v. Eastman, 461 S.W.2d 184 (Tex.Civ.App., Eastland, 1970, n. w. h.). We are unable to find in this record any evidence of probative force to substantiate appellants' affirmative defense of fraud.

It is our opinion that appellee has demonstrated that the summary judgment proof shows him to be entitled to judgment as a matter of law.

The judgment of the trial court is affirmed.