**H. Dee WALDREP et al., Appellants,**

v.

**BANK OF SERVICES & TRUSTS,
a corporation, Appellee.**

No. 562.

Court of Civil Appeals of Texas,
Tyler.

June 10, 1971.

Robert O'Donnell, Dallas, for appellant H. Dee Waldrep.

Ungerman, Hill, Ungerman & Angrist, Robert C. McGuire, Dallas, for appellee.

McKAY, Justice.

This suit was brought by appellee Bank of Services & Trusts upon the unpaid balance of promissory note signed by appellant H. Dee Waldrep and Charles H. Talley payable to appellee, and for foreclosure of a security agreement. Waldrep filed cross-actions against Talley and others and counterclaim against the bank. Those claims were severed and are no part of this appeal. Upon appellee's motion for summary judgment, the trial court granted full relief to appellee as against Waldrep and Talley, each of whom perfected his appeal to this Court. Talley failed to file his Brief under Texas Rules of Civil Procedure, Rules 414 and 415, and his appeal has been dismissed upon motion of appellee. Thus, we have remaining only the appeal of Waldrep.

The facts, briefly, are as follows:

Waldrep, on September 20, 1968, purchased some heavy machinery from South-

west Industrial Sales Company. He executed a promissory note, payable to the Bank, for the purchase price, some $57,053.62. The note does not describe the machinery. He also executed a security agreement describing the machinery, with himself named as debtor and Southwest Industrial Sales as secured party. On that same date, Southwest assigned the security agreement to the Bank. When Waldrep's payments to the bank fell in arrears, the Bank brought this suit.

The security agreement contained a "Mother Hubbard" clause, which reads in part as follows:

"* * * The Debtor further agrees that this security interest shall secure the payment of said note * * * and shall also extend to and secure the payment of all other indebtedness of said Debtor of every description * * * due by Debtor to said Secured Party, or to any transferee or assignee hereof, whether said indebtedness be now contracted or hereafter contracted."

The agreement described a note of the same amount and terms as the promissory note to the Bank, but does not mention the Bank as payee but rather names Southwest Industrial as payee. The Bank thus claims its right to foreclosure by virtue of the assignment, the clause quoted above, and the promissory note.

In support of its summary judgment motion, appellee offered the note and security agreement, an affidavit of a vice-president of the Bank, and the deposition of Waldrep. Appellant Waldrep offered only his pleadings, which were sworn to by his attorney.

An examination of the record supports the action of the trial court. Appellee assumed the burden, as movant for summary judgment, of showing the absence of any genuine issue of material fact and that he is entitled to judgment as a matter of law. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex., 1965). Appellee here discharged this burden by introducing summary judgment evidence establishing its right to judgment. The burden of coming forward with evidence to deny that right to judgment then shifts to appellant. Even if we deem appellant's pleading sufficient to raise affirmative defenses under Rule 94, T.R.C.P., or to comply with Rule 93, T.R.C.P., requiring certain pleas to be verified (there is some question as to that sufficiency), mere pleadings alone will not defeat a movant who has established, as appellee has done here, his right to judgment by proper summary judgment evidence. Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex., 1971); King v. United Distributing of Texas, Inc., 463 S.W.2d 456 (Tex.Civ.App., Dallas, 1971); Hudnall v. Tyler Bank and Trust Co., 458 S.W.2d 183 (Tex., 1970); McDonald v. C. C. Clemens, 464 S.W.2d 450 (Tex.Civ.App., Tyler, 1971, n. w. h.).

Judgment of the trial court is affirmed.